THE STATE v. CHARLES K. (JACK) WEST, Appellant.—161 S. W. (2d) 966.

Division Two, March 13, 1942.

*Roy McKittrick,* Attorney General, and *B. Richard Creech,* Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was convicted in the Greene county circuit court of larceny from the person of one Lloyd Howard, and his punishment assessed by the jury at one year's imprisonment in the county jail. The property ·charged to have been taken was the prosecuting witness' shirt and trousers and $8.05 in money therein. Under Sec. 4460, R. S. 1939, Sec. 4068, Mo. Stat. Ann., p. 2874, larceny from the person is punishable by imprisonment in the penitentiary although the value of the property stolen be less than $30.00, and therefore is a felony, of which this court has appellate jurisdiction. The appellant testified at the trial but has filed no brief here. We find no error in the record proper and look to appellant's motion for new trial in the circuit court for assignments of error on matters of exception.

The prosecuting witness, Howard, was "hitch hiking" on U. S. Highway 66. The appellant, a woman named Lucille Young, and three men named respectively Johnson, Lawmaster and Clyburn, passing in an automobile sedan, picked him up and stopped at a road house two miles further on, where they drank beer. Howard testified he did not enter the tavern but remained on the highway seeking another ▮▮▮ ride. Presently appellant's group came out and resumed their journey west. They offered to transport him again but he made an excuse and declined because he had become afraid of them. They drove off and he proceeded west along the highway to another tavern where he stopped to get a drink ·of water. Appellant, the woman and Clyburn again accosted Howard, this time in a Chevrolet pick-up truck, and invited him to ride. He refused, whereupon appellant turned the truck around heading east and the two men forced him to enter the back part and closed the door. They drove some distance, turned on a side road, stripped Howard of his outer clothes containing the money, and forced him to look the other way while they drove off. Howard found his way to a farm house, borrowed some clothes, and went back to a filling station on the highway. There a highway patrolman was called. From Howard's description appellant was arrested the next day.

There is no substantial dispute about the actual occurrence. Appellant, all the other men except Clyburn, and the Young woman testified in his behalf. Appellant admitted he had been convicted of burglary and served a sentence in the Missouri penitentiary about five years before. As we understand the record Clyburn had been convicted of the instant offense now under review and received a sentence of two years in the penitentiary. The Young woman had pled guilty to the same offense and received a six months' jail sentence, though she said she was without counsel and didn't understand the charge against her. She was caretaker in a rooming house in Springfield and the record indicates had joined the group on slight acquaintance. The party had all been drinking more or less.

Appellant's only real defense was that the prosecuting witness, Howard, "was kind of a screw ball;" "looked like Hitler;" declared he was for Hitler; and by his persistent disloyal utterances before and after their stop at the first tavern "just simply talked himself into trouble," thereby offending the ex-service men in the group, as one of appellant's counsel stated to the trial court. However, appellant was not an ex-service man. Howard vehemently denied making the statements, but whatever the fact may be about that, after appellant's group reached the second tavern they conferred over available beverages on methods of dealing with Howard. Appellant and Clyburn got the truck, the Young woman joined them, they ordered Howard to get in, and drove to the point where they took his clothes and left him in his underwear, socks and shoes and wholly stripped of cash on a strange country road. The Young woman had no part in that except by lending her presence, and appellant credited Clyburn with being the inspirational force in this patriotic upsurge. But it should be stated that appellant denied using force against Howard or taking any of his money. Several of his witnesses testified Howard said he only had fifteen cents. A five cent piece was found in the pocket of his shirt after it was recovered.

■ The first of the four assignments in the motion for new trial is that the trial court erred in permitting the prosecuting attorney to cross-examine appellant and his witnesses on matters not referred to in direct examination. The only instance cited is where the State inquired whether the group of men stayed at the same rooming house with Lucille Young the night before the larceny. Appellant's counsel evidently had in mind Sec. 4081, R. S. 1939, Sec. 3692, Mo. Stat. Ann., p. 3242. That statute applies only to the accused and spouses, and not to all the witnesses in a criminal case. To the contrary Sec. 1891, R. S. 1939, Sec. 1727, Mo. Stat. Ann., p. 4006, provides (italics ours): "A party to a cause, civil *or criminal*, against whom a witness has been called and given some evidence, shall be entitled to cross-examine said witness (except where a defendant in a *criminal*

case is testifying in his own behalf) *on the entire case* . . . ''
This section undoubtedly entitled the State to cross-examine the appellant's witnesses as fully as could have been done in a civil case. [State v. Sayers, 58 Mo. 585, 586; State v. Murphy, 338 Mo. 291, 299 et seq., 90 S. W. (2d) 103, 107, 109(3).] The record shows that in the cross-examination of appellant he was asked without objection, ''where did you get hold of Lucille Young;'' but we are unable to find where he was interrogated about whether his party of men stayed at the same rooming house with her. The witness Johnson was asked that question, but that did not violate either Sec. 4081 or Sec. 1891, supra, as we have shown above.

The next assignment in the motion complains that the prosecuting attorney was permitted ''to attempt to prove'' conversations between highway patrolmen and the prosecuting witness, Howard, had out of the presence and hearing of the appellant. The motion does not suggest the nature of the conversations. We believe this assignment is too vague to comply with the new trial statute, Sec. 4125, R. S. 1939, Sec. 3735, Mo. Stat. Ann., p. 3275. But, waiving that, we find in the record no such testimony except from one trooper Victor Dosing and it was not objected to.

The third assignment charges error in the trial court's refusal to permit appellant ''to complete his defense'' by proving disloyal statements made by the prosecuting witness, which, appellant's counsel say, ''would cause a patriotic citizen in the heat of passion to resent strongly and tend to mitigate the offense charged;'' also because they were a part of the res gestae. We find absolutely no merit in this contention. The trial court ruled such evidence was incompetent, saying ''we need not try the war;'' and that he didn't ''think the attitude of anybody connected with the matter, their views as to the European conflict, have a great deal to do with the question of whether a man's property was stolen from his person.''

Yet, nevertheless, appellant's counsel were permitted to introduce a mass of testimony on this point, such as that Lucille Young's brother had recently enlisted; that some of the men in appellant's group were ex-service men; that they were incensed by Howard's pro-German statements, as detailed, and for that reason deliberately hauled him out in the country and took his clothes off, leaving him stranded. Some of this evidence possibly may have been a part of the res gestae. But it is a strange brand of patriotism that would attempt to justify the crime of larceny from the person by proof of such facts, especially when it is remembered that one of the grounds of bitter denunciation of the Nazi legions now is their brutal and larcenous treatment of non-combatants. If appellant was entitled to introduce any of this evidence he got before the jury all and more than was warranted.

The fourth and last assignment is that the punishment of one year's imprisonment in the county jail was excessive and unreasonable. Everything else aside, when it is considered the punishment under the statute, Sec. 4460, supra, might have been imprisonment in the penitentiary for seven years, there is no merit in the assignment. If the jury had thought the intent of appellant and his associates was merely to commit an assault upon Howard, and not to take and appropriate to their own use his clothes and money, doubtless the verdict would have been different under the charge as laid. But they passed on that question, and on their determination of the facts, the punishment assessed was not unduly harsh.

Finding no error, the judgment is affirmed. All concur.