**STATE v. WEIDLICH.**

No. 43904.

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

J. K. Owens, Kansas City, and H. K. West, Brookfield, for appellant.

John M. Dalton, Atty. Gen., Winston Cook, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

In separate verdicts a jury has found the appellant, Harold Weidlich, guilty of burglary in the second degree and grand larceny and fixed his punishment at four years' imprisonment. This is a companion case to State v. Hayzlett, Mo.Sup., 265 S.W.2d 321, and the facts concerning the burglary of Ryther's clothing store and the larceny of a quantity of men's wearing apparel and luggage and the apprehension and detection of Hayzlett and Weidlich in connection with the offense are set forth in that case. Harold worked in Ryther's store while attending high school and was well known in Macon. In this case there can be no question as to the sufficiency of the evidence, clearly establishing the guilt of both Hayzlett and Harold, if Harold's detailed, thirty-one page, written confession was properly admitted in evidence.

Apparently with some justifiable pride in his superior memory, Harold dictated the statement with very little prompting from his custodial officers. The statement begins with his first meeting with Hayzlett in 1946, Hayzlett's troubles with his mentally ill wife, Harold's and Hayzlett's venture into the business of selling tools, Harold's realization that a large part of the tools in the store were stolen merchandise, and finally his knowledge of Hayzlett's past prison record and Hayzlett's "approaching him" with the proposition of burglarizing a store or stores outside the Kansas City area for the purpose of financing their own venture. In the end they settled on Ryther's store in Macon where Harold had worked and was familiar with the surroundings. They made a trip to Macon for the purpose of "casing the place," and on Saturday night, December 23rd, they again left Kansas City in Hayzlett's car, drove to Macon, and burglarized the store. In his statement Harold identified and described all the tools employed in the burglary, including a special, experimental "spider-legged affair" Hayzlett

made at a machine shop, designed to pull the knob or combination from a safe. He described the burglary in detail, the failure of the experimental tool "because the puller jaws were too short," and their inability to open the safe, their careful selection of suits and topcoats of the correct sizes, luggage, socks, handkerchiefs, "T" shirts and other apparel. He described their belated exit from the store, their meeting and waving to Mr. Hamilton, the night policeman, as they drove out of the alley. He detailed their return trip to Kansas City to 3420 Campbell where Harold and his mother were living and Hayzlett was staying, the division of the loot, which he precisely identified, the storage of the loot and some of the burglar tools in his mother's home and finally their arrest.

Harold admitted that he gave the statement, made several corrections, initialed the pages, and signed it, but he claims that the statement did not set forth the truth, and was given because of promises by the prosecuting attorney and deputy sheriff that he would not be prosecuted if he gave a statement "involving" himself and Hayzlett and because of fear of threats of physical violence by detectives and threats by highway patrolmen and police to arrest his mother. There was a full hearing and preliminary determination by the court that the confession was not involuntary. State v. Di Stefano, Mo.Sup., 152 S.W.2d 20. Harold's testimony, before the jury, tended to prove that the confession was the result of promises and duress. The state's witnesses, the prosecuting attorney, the deputy sheriff, the detectives, the highway patrolmen, in fact all the officers who had some part in Harold's arrest and the taking of his statement, testified that there were no promises, threats or coercion and that the confession was voluntary. There was an instruction upon the subject of the voluntariness of the confession and there are circumstances in the statement itself cogently corroborative of the state's claim and the jury's finding. In these circumstances the statement or confession was properly admitted in evidence. State v. Gibilterra, 342 Mo. 577,

583–585, 116 S.W.2d 88, 93–94; State v. Pillow, Mo.Sup., 169 S.W.2d 414; State v. Johnson, Mo.Sup., 252 S.W. 623; State v. Stebbins, 188 Mo. 387, 87 S.W. 460.

■ Once the confession is found to be voluntary and properly admitted in evidence, there can be no question as to the admissibility of the thirty exhibits, the tools employed in the burglary, the sawed window bar, the various items taken from Ryther's store and certain objects found in the store and identified by others, particularly as against the objection that "there was no evidence connecting the defendant with any of the exhibits."

■ The transcript shows that juror Tuggle was stricken from the panel by the state, consequently the appellant is in no position to complain of the court's failure to excuse him for cause. State v. Battles, 357 Mo. 1223, 212 S.W.2d 753; State v. Tippett, 317 Mo. 319, 296 S.W. 132. When juror Gander, on voir dire, made the improper remark, "I don't think I can give a thief a fair trial," appellant's counsel moved that the panel be quashed and a mistrial declared. The trial court promptly excused juror Gander and admonished the jurors, "Gentlemen of the Panel, I want to admonish you at this time during the course of the examination of the various jurors, to completely disregard any statement that might be made by any juror. Those questions are asked and statements are given—and answers are given, to enable the Court and the attorneys to determine the qualifications of the jurors. They are not evidence and they are not to be considered in any way by you." Whereupon two extra jurors were called, and, when two more jurors were challenged for cause, two more jurors were called and the qualification of the jury proceeded. Normally, the disqualification of an individual juror for bias or the expression of an opinion is not a sufficient ground for a challenge of the entire panel, 50 C.J.S., Juries, § 262, p. 1020; Lunday v. State, 50 Okl. Cr. 431, 298 P. 1054; Coates v. State, 165 Ga. 191, 140 S.E. 287, and, while the ill-considered remark may have disqualified the individual juror, the personal misconduct was not so evidently inflammatory and prejudicial that it may be said that the appellant's right to a fair trial has been infringed or that the trial court abused its discretion in refusing to quash the entire panel and declare a mistrial. State v. Hawkins, 362 Mo. 152, 161, 240 S.W.2d 688, 693–694; State v. Walters, Mo.Sup., 29 S.W.2d 89.

■ The statements by the court, said to be "a comment on the evidence" and prejudicial to the appellant, are not set forth in the motion for a new trial or pointed out in any manner and are not therefore subject to review. State v. Hepperman, 349 Mo. 681, 699, 162 S.W.2d 878, 888; State v. Zoller, Mo.Sup., 1 S.W.2d 139, 141. Likewise, the assignment in the motion for a new trial that the court erred in allowing the state's attorney "to ask leading questions calling for conclusion as to the statements made to the defendant or not made to the defendant prior to the signing of said confession," standing alone, is too vague and indefinite to preserve or present any question for review. V.A.M.S. § 547.030; 42 V.A.M.S. Supreme Court Rule 27.20; State v. West, 349 Mo. 221, 224, 161 S.W.2d 966, 967–968; State v. Farris, Mo.Sup., 243 S.W.2d 983, 988.

Questions not required to be presented and preserved in a motion for a new trial have been examined and the transcript shows compliance with all matters necessary to be considered by this court "upon the record before it." 42 V.A.M.S. Supreme Court Rule 28.02; V.A.M.S. § 547.270. The information appropriately charges the appellant with the offense of burglary in the second degree and grand larceny, V.A.M.S. §§ 560.070; 560.110; 560.155, the verdicts were in proper form and responsive to the information, State v. Oliver, Mo.Sup., 184 S.W.2d 1007, there was allocation and the sentence and judgment are proper and responsive to the verdicts. V.A.M.S. §§ 546.560; 546.570; State v. Hayzlett, supra. Since no error

is found or demonstrated upon the transcript the judgment is affirmed.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., and DEW and STONE, Special Judges, concur.