**STATE of Missouri, Respondent,**

v.

**Calvin CARPENTER, Appellant.**

**No. 38377.**

Supreme Court of Missouri, Division No. 3.

Jan. 13, 1969.

Motion for Rehearing or to Transfer to the Court En Banc Denied Feb. 10, 1969.

---

Norman H. Anderson, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

Barry A. Short, St. Louis, for appellant.

THEODORE McMILLIAN, Special Judge.

Appellant, Calvin Carpenter, hereinafter called defendant, was convicted in the Circuit Court of the City of St. Louis, Missouri, (in 1942) Sec. 4408, RSMo 1939; now Section 559.180, RSMo 1959, of assault with intent to kill with malice aforethought upon one Ray Hopkins by means of a knife. The jury also found that defendant had been previously convicted of a felony (Second Offender Act, Sec. 4854, RSMo 1939; now Section 556.280 RSMo 1959, as amended) and assessed his punishment at imprisonment for life.

We affirmed this judgment of conviction in State v. Carpenter, Mo., 169 S.W.2d 403 (1943). Subsequently, we set aside our judgment of affirmance upon motion of the defendant for the reason that on the first appeal, defendant was, and is now, indigent and had no counsel on appeal. Bosler v. Swenson, 363 F.2d 154; Swenson v. Bosler, 386 U.S. 258, 87 Ct. 996, 18 L.Ed.2d 33. We ordered the cause to be re-docketed and briefed, and that counsel be appointed for the defendant. Now that these matters have been done, once more the case is here for our decision.

On the first appeal, defendant made ten assignments of error in his motion for a new trial. Nine were very general, and we held them to be in violation of Sec. 4125 RSMo 1939; now Section 547.030, RSMo 1959, and preserved nothing for review; State v. West, 349 Mo. 221, 161 S.W.2d 966. One assignment was reviewed and caused the Court to examine the State's evidence. We adopt the Court's statement of facts as set out on the first appeal, and concur in the finding of law: (a) that the State made a submissible case, and (b) that defendant had previously been convicted of a felony. See State v. Carpenter, supra.

Counsel, very candidly, agrees that defendant's motion for a new trial on file would be of little avail insofar as obtaining a new trial under our rules. Consequently, he has briefed, argued, and urged fifteen new grounds; none of which, to be sure, were included in his motion for a new trial. Under Category A, we have considered Points I through VI. The thrust of these contentions are: (a) that the verdict and judgment should be set aside for the reason that defendant was without counsel at his preliminary hearing and arraignment; (b) that defendant was not afforded the right of consultation with counsel prior to trial; and (c) that defendant was denied effective assistance of counsel. In support of these contentions defendant relies upon Missouri Supreme Court Rules 27.20(c) and 29.01 (a) V.A.M.R.[1]; Sixth Amendment, U.S. Constitution; Article I, Sections 10 and 18 (a) Constitution of Missouri, V.A.M.S.; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); (right of confrontation and cross-examination); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (arraignment, a "critical stage"); and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (arraignment, held to be a critical stage); and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (right to counsel).

■ Inasmuch as defendant has invoked the application of our "plain error" rule, Rule 27.20(c), in each of his fifteen charges of error, we deem it appropriate to discuss the ambits of the rule. On the surface, there would appear to be in the application of the rule a possible inconsistency; that is, a conflict between subsections (a) and (c) of Rule 27.20. While subsection (a) makes it mandatory that a written motion be filed, and that the motion set out in detail and with particularity the specific grounds for a new trial, on the other hand, subsection (c) would seem to permit a new trial in cases of plain errors affecting substantial rights that would produce either a manifest

---

1. References to Rules are to V.A.M.R.

injustice or a miscarriage of justice, and that this should result even though the claimed errors were not raised in the trial court or otherwise preserved for review. We have always held that the proper office of a motion for a new trial was to call to the attention of the trial court and the appellate court on review, errors alleged to have been committed during trial. State v. Cavener, 356 Mo. 602, 202 S.W.2d 869; and State v. Spica, Mo., 389 S.W.2d 35. Still, Rule 27.20(c) (amendment effective January 1, 1960), does seem to relax some of the rigors of Rule 27.20(a). Yet, this does not mean that Rule 27.20(c) is to be a general catch-basin for all trial errors so as to make shambles of time-honored and tested, orderly trial and appellate procedure. State v. Jackson, Mo., 411 S.W.2d 129. Moreover, in our opinion, State v. Meiers, Mo., 412 S.W.2d 478, 480, properly sets forth the limitations of Rule 27.20(c):

" * * * Since its adoption we have invoked Rule 27.20(c) on a case to case basis to prevent 'manifest injustice or miscarriage of justice,' and we shall continue to do so where substantial rights are affected whether or not the error is ' * * * raised in the trial court or preserved for review, or defectively raised or preserved * * *.' But there must be a sound, substantial manifestation * * * a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked. * * *"

■ Defendant, referring to Points I through VI, has clearly failed to show or to bring the instant case within the purview of any of the federal cases that he has relied upon. Nor would it serve any useful purpose to discuss them at length. First, because defendant, who, on arraignment, pleaded not guilty, has failed to show a scintilla of evidence indicating how, or by what manner he has been prejudiced, or any of his defenses lessened, or made more burdensome by counsel not being present. Nor has defendant shown in any way how counsel's absence during either the preliminary hearing or arraignment affected the fact-finding process of the trial. Secondly, this Court has held on numerous occasions that the preliminary hearing under Missouri procedure is not a critical stage so as to make appointment of counsel mandatory. See State v. Peck, Mo., 429 S.W. 2d 247; and State v. Durham, Mo., 416 S.W.2d 79. Likewise, we held in State v. Donnell, Mo., 387 S.W.2d 508 and State v. Gagallarritti, Mo., 377 S.W.2d 298 that lack of counsel at the arraignment did not constitute reversible error. Finally, we find no evidence that defense counsel did not do all that any attorney could have done in advising defendant, in protecting his rights, and in securing justice for him. So, too, the record is barren of anything to indicate that the manner of conducting the defense reduced the trial to a mockery or farce. Accordingly, we find no manifest injustice or miscarriage of justice which requires us to invoke our "plain error" rule on any of the assignments made in Category A; therefore, we hold them to be without merit.

■ Turning now to Category B, Points VII through XI, wherein defendant invokes our "plain error" rule so as to undo alleged charges of manifest injustice caused by the Court's instructions, we take up defendant's first claim that the Court failed to give a converse instruction. This claim is without merit. In fact, defendant neither offered a converse instruction, nor was a converse instruction a part of the law of the case on which the Court must instruct whether requested or not. State v. Engberg, Mo., 377 S.W.2d 282. Secondly, the language used in the credibility instruction, which defendant seeks to have us construe as a comment on the evidence, has been approved many times. See State v. Wright, 134 Mo. 404, 35 S.W. 1145; and State v. Hamilton, 304 Mo. 19, 263 S.W. 127. So, too, this claim is disallowed. Thirdly, defendant claims that since instruction number 6, under which he was found guilty, was a verdict-directing instruction purporting to cover the entire case, it was "plain

error" for the instruction to ignore his plea of self-defense. State v. Gabriel, 301 Mo. 365, 256 S.W. 765, 767; and State v. Winn, Mo., 324 S.W.2d 637 [3]. We do not disagree with the holdings in either of the recited cases, but we see no manifest injustice within the meaning of Rule 27.20(c). In our opinion, the phrase "on purpose and of malice aforethought" completely puts into issue self-defense. State v. Winn, supra; and State v. Douglas, 312 Mo. 373, 278 S.W. 1016.

■ Under Category B, defendant's last claim does merit our attention. Defendant says that the Court's instructions (a failure to instruct in this instance) were misleading. He contends that while the jury was properly instructed under the Second Offender Act in connection with assault with intent to kill with malice, which carried a mandatory penalty of life imprisonment, the Court, as a part of the law of the case, failed to instruct the jury under the Second Offender Act of the possibility of a five-year maximum sentence, if they found defendant guilty of assault with intent to kill without malice. To emphasize his contention, defendant, and justly so, points out that the Court must have felt the lesser degree of assault was present, or it would not have so instructed the jury in another instruction on this feature of the case, citing State v. Bevins, 328 Mo. 1046, 43 S.W.2d 432. In the Bevins case, defendant requested no instructions, nor made any objections to the Court's failure to instruct in any particular way. But in his motion for a new trial, defendant did charge the Court with error for a failure, whether requested or not, to instruct the jury upon all questions of law "necessary in giving their verdict." Hence, the Bevins case does not reach the issue involved here. As we said earlier, our Rule 27.20(c) must be applied on a case to case basis. Here the real question for decision is whether or not it is "plain error" for the Court to fail to instruct on a question which is part of the law of the case (which we will assume that the Court failed to do for purposes of this opinion) where on trial defendant did not request an instruction, did not object to the Court's failure to so instruct, and did not raise the question in the defendant's motion for a new trial. In State v. Jackson, supra, we said that our Rule 27.20(c) was not intended to set aside orderly time-tested rules of trial and appellate procedure. This holding is at war with everything defendant did or failed to do in the instant case. We grant that there is a wide disparity between the sentence actually imposed (life imprisonment) and a five year maximum sentence, which possibly could have been imposed. However, this is merely one of many factors that we, as a Court, do and must consider. Yet, as we view the evidence, we find: (1) an unprovoked assault with a dangerous weapon (knife), and (2) that the assault was a vicious one requiring the use of approximately five hundred stitches in an endeavor to repair the injuries to the victim. Moreover, it should be pointed out that the alleged error under consideration could not have been prejudicial because it was favorable to defendant. The instruction given permitted the jury, if it found defendant guilty of assault without malice, to fix the punishment at less than the maximum provided in the statute. For the reasons stated we hold that there was no manifest miscarriage of justice. Hence, we reject all claims of error under Category B.

■ Finally, in Category C, we take up Points XII through XVI, where defendant claims (1) a witness was permitted to testify as to another offense, that is, an assault by defendant upon the witness, (2) permitting a witness to testify as to the extent of the victim's injuries, and (3) improper impeachment. Clearly, a witness may be permitted to testify as to what, if any, acts or threats were made to him (witness) by the defendant as a part of the res gestae. See State v. Baker, 209 Mo. 444, 108 S.W. 6 (witness who was wounded by defendant at the time of a homicide was permitted to testify as to wounds received by him at the time defendant committed the homicide). So, too, we held in State v. Henggeler, 312

Mo. 15, 278 S.W. 743, that the physical condition of the person assaulted is admissible. Finally, on cross-examination, defendant admitted the prior conviction; hence, any testimony on another conviction would be merely cumulative on the issue of credibility. All in all, these claims in Category C are without merit, and by no means should they be considered under our "plain error" rule. We see no violation of any substantial rights of defendant in reference to the above claims in Categories A, B, or C that would bring about a manifest injustice. Nor has defendant made it clear so as to invoke our discretion under our "plain error" rule. Finally, defendant's claim that he was not present when sentenced is refuted by the record.

An examination of the record as required by Supreme Court Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

HOLMAN, Acting P. J., and ROGERS, Special Judge, concur.