**STATE of Missouri, Respondent,**

v.

**George H. DUNCAN, Appellant.**

**No. 57540.**

Supreme Court of Missouri,
Division No. 2.

Oct. 8, 1973.

**478**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Ben Ely, Jr., St. Louis, for appellant.

STOCKARD, Commissioner.

By notice of appeal filed prior to January 1, 1972, George H. Duncan appealed from the judgment entered pursuant to jury verdict whereby he was found guilty of an assault on George Blumberg with intent to kill with malice aforethought. The sentence imposed was imprisonment for a term of thirty-five years.

Appellant does not challenge the sufficiency of the evidence. The jury reasonably could find that on November 27, 1970 Leroy McKinney and appellant, who was armed with a shotgun, entered the place of business of George Blumberg at 2316 Franklin Avenue, St. Louis, Missouri, and appellant shot him in the lower portion of his back.

Appellant first contends that the trial court erred in admitting into evidence the testimony of Dr. Neil Steinhoff, a treating physician, and of George Blumberg "concerning the injuries sustained by * * * Mr. Blumberg, because the extent of [his] injuries [was] not relevant to the issue of guilt or innocence * * * and not relevant to establish the offense charged of assault with intent to kill with malice."

■ The intent with which the assault was made was an essential element of the offense charged. It is unusual when there is direct evidence of intent. Ordinarily it must be inferred from the circumstances. State v. Chevlin, 284 S.W.2d 563 (Mo. 1955). The nature and extent of the injuries inflicted by an assault is a circumstance relevant and material to the issue of the intent with which the assault was made. State v. Carpenter, 436 S.W.2d 748 (Mo.1969). As stated in State v. Kopf, 481 S.W.2d 7 (Mo.1972), "In determining the intent with which defendant acted [when charged with an assault by shooting with intent to kill with malice] the jury could take into consideration the nature of the weapon used, the manner of using it, the results of its use, and all of the related circumstances." See also State v. Allen, 343 S.W.2d 63 (Mo.1961). Appellant does not direct his challenge to any specific testimony, but contends that all testimony pertaining to the extent of the injuries sustained by Mr. Blumberg was improper. This contention is without merit.

Appellant next asserts that it was error to permit the arresting officer to testify that when arrested appellant "gave a false identification," and in admitting into evidence as exhibits "a social security card and withholding tax statements under the name of John Thompson allegedly found on appellant at the time of his arrest."

Appellant was arrested on April 4, 1971, by Police Officer Kibler who testified that at the time of the arrest appellant "identified himself as John L. Thompson." No objection was made to this testimony. Subsequently, when the officer was asked where he arrested the person "who identified himself as Mr. Thompson," an objection was made "to what a particular individual identified himself as." That objection was overruled.

■ We find for two reasons that no error occurred. First, no objection was made when the testimony was first presented. Second, in any event, as stated in State v. Lindner, 282 S.W.2d 547 (Mo. 1955), "the fact that defendant gave a false name to the arresting officers, * * * was a circumstance surrounding his arrest for the jury's consideration."

■ In his brief, appellant asserts that "the arresting police officer, William Kibler, testified that he seized some identification from John A. Thompson at the time of the arrest." Reference is made to page 56 of the transcript. On that page such a statement by the officer does appear, but no objection was made. Of more impor-

tance, however, that testimony was given before the court and out of the presence of the jury during a hearing on a motion to suppress evidence of a lineup identification. The index of exhibits does not show that either a social security card or a tax statement was offered or admitted in evidence, and we are unable to find any testimony pertaining to such items which was given in the presence of the jury. On direct examination, and later on cross-examination, appellant denied that at the time of his arrest he had "some papers on [him] in the name of John Thompson." Nothing was there said about a social security card or tax statements, and in any event, this testimony was initiated by appellant. The contention is without merit.

■ Appellant also asserts that it was error for the court to admit into evidence (a) the testimony of Officer Boul that fingerprints of Leroy McKinney were found on a file cabinet at the place of the assault, and (b) the testimony of Mr. Blumberg that he identified Leroy McKinney at the time of the assault "because there was no evidence connecting the [appellant] to Mr. McKinney."

Appellant was charged in the information with committing the assault while "acting with another." Mr. Blumberg testified without objection that when appellant entered his store with the shotgun, another person by the name of "McKinley" was with him, and that McKinney opened a file cabinet, took the money out of it and "heaved" the cabinet the length of the room. This testimony "connected" appellant to Leroy McKinney. Officer Boul testified that fingerprint found on the file cabinet was that of Leroy McKinney. "Evidence is relevant if the fact it tends to establish tends to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." State v. Tevis, 340 S.W.2d 415 (Mo.App.1960). The testimony pertaining to the fingerprint was relevant in that it tended to corroborate the testimony of Mr.

Blumberg as to what occurred at the time of the assault, and also it was relevant to the credibility of Mr. Blumberg. See also, State v. Brager, 497 S.W.2d 181 (Mo. 1973). The testimony was properly admitted.

Appellant's final contention is that the court erred in failing to declare a mistrial when it commented that appellant was argumentative in his testimony "because this was not a fact * * * and * * * this evidenced the court's dislike for the appellant."

During the cross-examination appellant twice indicated that he did not understand what appears to have been simple questions. He was then asked, "Well, what did Officer Jones say?" His reply was, "Like I made the statement before he told Mr. Blumberg, 'We have the other man.'" The prosecutor then asked, "Isn't that just what I asked you?" Appellant's counsel interposed, "I object to that question, Your Honor." The court commented: "No, the witness seems to want to argue with counsel and he brought about this question by himself."

■ We cannot say that the comment of the court was entirely unjustified. In addition, the court observed the appellant and heard his answers, and it was in a better position than this court to characterize the attitude of appellant as a witness. The only relief requested was a mistrial, a drastic remedy, State v. Smith, 431 S.W.2d 74 (Mo.1968), which should be exercised only when the prejudice is so great that it cannot be removed by other means. State v. Camper, 391 S.W.2d 926 (Mo.1965). For this reason the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request. State v. Smith, supra. The proper function of an appellate court in the situation we have here is to determine whether as a matter of law the trial court abused its discretion in refusing to direct a mistrial. The comment of the court, even as-

**480**

suming it was not entirely justified by the circumstances, did not indicate any opinion of the court as to guilt or innocence of the charge; it did not evidence the "courts dislike" for appellant, and it could not have resulted in any prejudice. We cannot say that in the exercise of its duty to control the conduct of the trial, the court abused its discretion in refusing to grant a mistrial in the circumstances.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.