UNITED STATES of America, Appellee,

v.

Ellis Tyrone HART, Appellant.

No. 77–1083.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided June 22, 1977.

Rehearing and Rehearing En Banc
Denied July 6, 1977.

Richard A. Mueller, St. Louis, Mo., on brief, for appellant.

Barry A. Short, U. S. Atty. and Mark Helfers, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY and ROSS, Circuit Judges, and MILLER, Judge.*

PER CURIAM.

Ellis Tyrone Hart was convicted pursuant to his guilty plea of robbery of mail, money or other property of the United States in violation of 18 U.S.C. §§ 2114 and 2. We affirm the conviction.

Hart initially contends that he was denied effective assistance of counsel because of what Hart characterizes as the district court's failure to hold an adequate hearing on his motion to appoint new counsel. On January 3, 1977, the day the case was to proceed to trial, the defendant filed a motion to dismiss his appointed counsel on the following grounds: 1) that counsel had failed to file motion concerning jurisdiction, 2) that counsel had refused to appeal any decision made by the district court on certain motions filed by the defendant, and 3) that counsel was not ready to go to trial and had not adequately prepared for trial. During the course of the hearing on the motion, the defendant also stated that he and his counsel had been in disagreement ever since they met. The district court determined that the motions which counsel had refused to file were frivolous, that counsel's representation had not been ineffective and thus refused to dismiss appointed counsel.

In order to warrant substitution of counsel, the defendant must show justifiable dissatisfaction with his appointed counsel. *See United States v. Young,* 482 F.2d 993, 995 (5th Cir. 1973); *United States v. Calabro,* 467 F.2d 973, 986 (2d Cir. 1972), *cert. denied,* 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973); *Brown v. Craven,* 424 F.2d 1166 (9th Cir. 1970). The right to effective assistance of counsel may not be improperly manipulated by an eleventh hour request to obstruct the orderly administration of justice. *United States v. Morrissey,* 461 F.2d 666, 669 (2d Cir. 1972).

The record fully supports the district court's conclusion that Hart was not denied effective assistance of counsel and that substitution of counsel was unwarranted. Hart's counsel was not ineffective in failing to file Hart's jurisdiction motion nor in refusing to appeal the denial of Hart's other motions. These motions were frivolous beyond any reasonable doubt. The record shows that counsel skillfully handled the defendant's only colorable pretrial motions relating to a lineup identification and pre-arraignment delay. There is nothing of record which indicates that counsel did not adequately confer with Hart prior to trial nor that counsel was unprepared to try the case.

We have no quarrel with the proposition, urged by the defendant, that an accused who is forced to stand trial with the assistance of appointed counsel with whom he has become embroiled in an irreconcilable conflict is denied effective assistance of counsel. *See Brown v. Craven, supra,* 424 F.2d at 1170. The trial court, when confronted by such an allegation, has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction. *United States v. Young, supra,* 482 F.2d at 995. However, in this case, the district court afforded Hart every opportunity to demonstrate a basis for the alleged irreconcilable conflict between himself and his attorney.[1] The defendant set forth nothing showing an irreconcilable conflict, aside from counsel's refusal to advance the defendant's obtuse legal theories described above. We hold, therefore, that Hart's claim of ineffective assistance of counsel is without merit.

---

* JACK R. MILLER, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. During the course of the hearing, the court directed the following statement to the defendant Hart:

I'm reading [the motion to dismiss counsel] right now. I'm listening to anything you want to add. You don't have to put it in any legal language, I know you're not a lawyer and all that; you just tell me what the problem is and see if we can't translate it to legal language.

We fail to perceive what else the court could have done under the circumstances.

■ The defendant also contends that the district court erred in refusing to suppress certain inculpatory custodial statements. Even if we assume that the defendant did not waive this argument by pleading guilty,[2] he is not entitled to reversal on this basis. The district court's findings that the statements were given voluntarily and intelligently, with full *Miranda* warnings, are supported by the record. The defendant signed a form stating that he understood his rights. No threats were made to induce the defendant to make the statements.

It is true that the defendant refused to sign a written form waiving his rights. However, as we said in *United States v. Johnson*, 529 F.2d 581, 584 (8th Cir.), *cert. denied*, 426 U.S. 909, 96 S.Ct. 2233, 48 L.Ed.2d 835 (1976), "[a] voluntary waiver need not assume any particular form; it may be either oral or in writing." The record shows that the defendant talked with the government agents voluntarily and with full knowledge of his rights. Hart's claim, premised on the testimony of his wife, that he attempted to put an end to the interrogation by calling his attorney in the presence of the interrogating agents, is without merit. The agents denied a call was made in their presence and the district court determined that the agents were telling the truth. This finding is not clearly erroneous.[3]

The judgment of conviction is affirmed.

---

**2.** The government argues that Hart waived his right to contest all nonjurisdictional errors by pleading guilty. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In view of our disposition of this point, we do not pass on this allegation.

**3.** Hart also claims that he was suffering from narcotic withdrawal symptoms at the time of the interrogation which rendered his statements involuntary. This claim is speculative and unsupported by the record.