**STATE of Missouri, Respondent,**

v.

**Raymond L. SMITH, Appellant.**

**No. 30231.**

Missouri Court of Appeals,
Western District.

July 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Special Asst. Atty. Gen., Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of conviction entered on jury verdict finding Raymond L. Smith guilty of burglary in the second degree and stealing in connection therewith. Sentence, under the second offender act, was to ten and five years on the respective charges, to run concurrently.

The charges arose out of entry into a residence in Kansas City on January 25, 1978. The resident had been away and upon returning noted a suspicious looking vehicle parked across the street from her house. She noted the license number as the car left and then entered her house to find that it had been broken into and several items of property were missing. The victim reported the license number of the suspicious vehicle and later that evening the vehicle was located by police. Appellant, one of four occupants, was placed under arrest. Subsequently a search warrant was obtained to search the residence of appellant's girl friend, near the scene of the arrest. Several items of property stolen in the burglary were uncovered. Appellant's fingerprints were found on a stolen television set. At appellant's trial, one of the co-participants in the burglary testified for the state and detailed appellant's participation. Defense witnesses attributed the crime to the cooperative witness.

On this appeal, the assignments of error relate to two occurrences in the preliminary stages of the trial.

Prior to voir dire, Mr. Charles Brown, an Assistant Public Defender who represented appellant, informed the judge that appellant wanted a continuance in order to replace him with retained counsel. Brown explained that he had just learned that a bracelet recovered from a paddy wagon in which appellant rode after his arrest had been identified as a part of the burglary loot. When he related this fact to his client, appellant was upset because this matter had not previously been discussed with him. He told Brown that he did not feel that he could get a fair trial with Brown's representation and asked him to request a continuance so that he could hire a private attorney. Brown said that he had been aware of the existence of the bracelet but that he had learned of its identification only that morning. The prosecutor explained that the police had obtained the identification only a few days earlier. Appellant also spoke to the court and repeated the request on the same basis.

The court denied the request for a continuance. Trial proceeded and Brown represented appellant. By his motion for new trial appellant charged that the trial court erred in refusing the continuance and that he was prejudiced by being forced to proceed to trial with an attorney whom he no longer desired to have represent him in the case. On this appeal, appellant enlarges upon this assignment to add that the trial court's refusal to permit a continuance to retain new counsel deprived him of effective assistance of counsel.

 The granting of a continuance is within the discretion of the trial court and every intendment in favor of the trial court's action is indulged on appeal. *State v. Cheesebrew,* 575 S.W.2d 218, 225[18] (Mo. App.1978). A criminal defendant has no absolute right to counsel of his own choice; the right to counsel " * * * is limited to the extent that it impinges on the public's right to effective and efficient administration of justice, * * *." *State v. Jef-*

*feries,* 504 S.W.2d 6, 7[1, 2] (Mo.1974). Only where the accused can demonstrate an irreconcilable conflict with appointed counsel is he entitled to a continuance to obtain new counsel on the eve of trial. *U. S. v. Hart,* 557 F.2d 162 (8th Cir. 1977).

 When viewed in the light most favorable to the trial court's decision, the record reveals that appellant was concerned about recently discovered State's evidence and felt that only a continuance and the retention of private counsel could help him refute it. Appellant did not charge his counsel with any dereliction or lack of preparation and expressly denied that he sought new counsel because Mr. Brown was not competent. Mr. Brown informed the court that he was prepared for trial and his conduct of the proceeding substantiates this. On this state of the record it cannot be said that the trial judge abused his discretion when he denied appellant's motion for a continuance immediately prior to the commencement of trial. It is true that " * * * an accused who is forced to stand trial with the assistance of appointed counsel with whom he has become embroiled in an irreconcilable conflict is denied [the] effective assistance of counsel." *U. S. v. Hart,* supra. However, the situation appellant seeks to label an "irreconcilable conflict" was hardly that. An irreconcilable conflict exists where there is a total breakdown of communication between attorney and client and no such breakdown occurred here. *U. S. v. Young,* 482 F.2d 993 (5th Cir. 1973). Except for appellant's remarks before the trial began, the record demonstrates no lack of communication between appellant and his counsel. Mr. Brown conducted the defense in a professional manner and appellant in no way faults his conduct during the trial.

Appellant complains of the trial court's refusal to discharge the jury panel in the light of the following circumstances.

Just as voir dire examination of the panel began, appellant delivered the following remarks (omitting interruptions for objections, etc.):

"THE DEFENDANT: May I speak to everybody in the courtroom—* * * The Judge won't let me get paid counsel because—* * * they came up with some last moment evidence. And I don't want no jury trial. I don't—these are not my lawyers. These are—this is a different man than I had in the first place. They just come up—this is going to be a flimflam. I do not want a jury trial. I do not want a jury trial. I do not want a jury trial. * * This was supposed to be settled before we came here."

A motion to quash the panel by defense counsel was overruled. Subsequently when defense counsel questioned the veniremen about any problem with the presumption of innocence, Venireman Hobbs stated:

"Well, I do because he has got up and admitted that he is guilty almost, a while ago, so I couldn't—

\* \* \* \* \* \*

"[The following proceedings were had IN THE PRESENCE, BUT OUT OF THE HEARING OF THE JURY]:

"MR. BROWN: Judge, again—

"THE COURT: What was his comment?

"MR. BROWN: He said that he admitted his guilt.

"MR. LOCKE: That he admitted his guilt.

"THE COURT: But he didn't.

"MR. TURNER: I didn't hear him.

"MR. BROWN: I think at this time—

"THE COURT: The Court will admonish him that wasn't the statement he made.

"MR. BROWN: At this time I would like to renew our previous motion that we be allowed to select from a new panel. This defendant has already got up and prejudiced himself with this panel.

"THE COURT: Mr. Hobbs?

"MR. BROWN: Yes, Mr. Hobbs, but in this panel's mind, and perhaps it would be prejudiced even greater at this point.

"MR. TURNER: Well, I assume that Mr. Hobbs, who is under oath, spoke the truth that he told him that he would have to—

"THE COURT: I am going to excuse him anyway.

"MR. TURNER: But I think his comment was provoked by the defendant's outburst and I think the defendant is stuck by any prejudice he has brought on himself.

"THE COURT: I will overrule your motion. I will admonish the panel that remark was not made by Mr. Smith."

In this court, appellant contends that the trial court should have sustained the motion to discharge the panel, because the remarks of Hobbs, taken with appellant's own remarks, caused the panel to be prejudiced against appellant.

■ Appellant acknowledges the general rule that disqualification of one juror for bias or expression of an opinion does not require that the entire panel be discharged but asserts that Venireman Hobbs' statement was so inflammatory and prejudicial as to come within the exception to the general rule set forth in dicta in *State v. Weidlich,* 269 S.W.2d 69, 71[3–5] (Mo.1954). This contention must fail because Venireman Hobbs' statement " * * * was not so evidently inflammatory and prejudicial that it may be said that the appellant's right to a fair trial has been infringed or that the trial court abused its discretion in refusing to quash the entire panel * *." *State v. Weidlich,* supra. "The question whether the panel was affected by the improper statement of an opinion or remark made upon voir dire [is] a question largely directed to the discretion of the trial court, * * * ." *Cluck v. Snodgrass,* 381 S.W.2d 544, 552[11, 12] (Mo.App.1964). See also *State v. Taylor,* 324 S.W.2d 643, 648[9, 11] (Mo.1959).

Appellant argues that the trial court's remarks exacerbated the problem. He points out that in *Weidlich* and *Taylor,* the trial court's admonition was to disregard the remarks of the veniremen. Appellant complains that the trial court's remarks in this case, particularly in stating that he heard no admission of guilt, precluded trial counsel from eliciting from other veniremen the response that they placed the same in-

terpretation on appellant's remarks as Hobbs gave them.

■ The remarks of the trial court did not go beyond the proper limits of its authority in controlling the voir dire. The court correctly pointed out that appellant had not admitted his guilt. The court's statement was designed to reinforce the presumption of innocence surrounding the appellant. To say that it prevented veniremen from answering affirmatively the next question asked them by defense counsel is unwarranted. No abuse of discretion has been demonstrated.

Judgment affirmed.

All concur.