805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie JONES, Plaintiff-Appellant,
v.
STATE OF TENNESSEE and Michael Dutton, Warden, Defendants-Appellees.
 No. 85-6118.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1986.
 
 Before KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, Jackie Jones, was charged in a McMinn County, Tennessee State Criminal Court indictment on April 4, 1977, with offenses arising out of an armed robbery that occurred on August 2, 1976. Trial was conducted on August 25, 1977. The jury found appellant guilty of armed robbery and sentenced him to life imprisonment. On March 2, 1979, the Tennessee Court of Criminal Appeals affirmed appellant's conviction. On June 28, 1985, the appellant filed a petition for a writ of habeas corpus in the Federal District Court for the Eastern District of Tennessee. On November 27, 1985, the district court entered an order denying in all respects appellant's petition. Appellant appeals from this order. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 Following the indictment, the state court determined that appellant and his co-defendants were indigent. William P. Biddle was appointed to represent them. Mr. Biddle, however, had been elected as a delegate to the Tennessee Constitutional Convention and was allowed to withdraw on August 5, 1977. Charles Quinn and Jerry Estes were appointed to replace him.
 
 
 3
 On August 5, 1977, counsel attempted to confer with appellant. Appellant refused to talk to them and attempted to discharge them. The judge advised appellant that counsel would remain available to him. The court also noted that it intended to try the case. Also, at a later date the judge made arrangements for counsel to meet with appellant. Appellant again refused to confer with counsel.
 
 
 4
 On the morning of trial, appellant accused counsel of being incompetent and again refused their services. Appellant requested competent counsel. The judge denied the request and advised appellant that Quinn and Estes were competent. Prior to the commencement of trial, counsel requested a continuance stating that they were not prepared for trial. The trial judge refused to grant the continuance.
 
 
 5
 We initially note that this court has jurisdiction to entertain this habeas appeal. The appellee argues that the appellant affirmatively defaulted on the opportunity to present this habeas appeal because he failed to appeal to the Tennessee Supreme Court. See 28 U.S.C. 2254 (1982). The Sec. 2254 exhaustion requirement, however, requires only an exhaustion of those "remedies still open to the habeas applicant at the time he files his application in federal court." Keener v. Ridenour, 594 F.2d 581, 584 (6th Cir.1979). When appellant filed his habeas application in 1985, his time to appeal to the Tennessee Supreme Court had expired. Also, Tennessee law requires that a petition for post-conviction relief must be filed within three years of the date of the final action of the highest state appellate court to which the appeal is taken. Tenn.Code Ann. Sec. 40-30-102 (1986). In this case the appellant has no recourse to post-conviction relief. Thus, the habeas application is valid.
 
 
 6
 The appellant claims that he was denied the effective assistance of counsel because counsel was not prepared. Appellant points out that on the date of trial, counsel had not filed any pre-trial motions, interviewed witnesses or even interviewed their client. We do not agree that appellant was denied effective assistance of counsel.
 
 
 7
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a two prong performance/prejudice test should be used to determine whether counsel provided effective assistance: the duty to avoid conflicts of interest, the duty to inform the defendant of important developments in the course of prosecution and the duty to act with such skill and knowledge that the trial is rendered a reliable adversary process. Strickland, 466 U.S. at 688. Thus, in order to obtain relief, an accused must show that counsel's representation falls below the above objective standard, and counsel's performance prejudiced the defense of the accused. Id. at 867.
 
 
 8
 We find that even if the appellant could show that counsel's performance was inadequate, this did not prejudice the defense. The direct testimony of Lottie Gentry and Linda Mae Wisecup implicating the appellant plus the circumstantial evidence linking him to the crime were sufficient to support a jury conviction. Counsel's lack of preparation would not have effected the outcome of the trial. Thus, appellant's argument must fail because the second prong of the Strickland test has not been satisfied.
 
 
 9
 The appellant next argues that the trial court erred in denying his request to substitute counsel. Again, we disagree.
 
 
 10
 The trial judge's decision to substitute counsel is a matter of sound discretion for the court. 18 U.S.C. 3006A(c) (1982). We find that the trial court did not abuse its discretion where appellant refuses to cooperate with his appointed counsel and then asserts at trial that his attorneys are incompetent because they have not properly researched their case. In addition, to warrant substitution of counsel, the accused must show justifiable dissatisfaction. United States v. Hart, 557 F.2d 162, 163 (8th Cir.), cert. denied, 434 U.S. 906 (1977). In this case appellant has not shown justifiable dissatisfaction. He simply refused to cooperate.
 
 
 11
 Appellant finally argues that the trial court erred in denying counsel's request for a continuance. We disagree. A motion for continuance is directed to the sound discretion of the trial judge and will be reversed only for an abuse of discretion. Wilson v. Mintzes, 761 F.2d 275 (6th Cir.1985). In this case, we find that there was no abuse of discretion where the appellant procrastinated and deferred acceptance of appointed counsel.
 
 
 12
 Accordingly, the judgment of the Honorable Thomas G. Hull of the United States District Court for the Eastern District of Tennessee is hereby affirmed.