**Andrew FUNKHOUSER, Sr.,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16120.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 1989.

Elizabeth Clarke, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found Andrew Funkhouser guilty of selling cocaine, a controlled substance, in violation of § 195.200.1(4), RSMo Supp. 1984. Upon a finding that the movant, to whom we shall refer as the defendant, was both a prior and a persistent offender, the court assessed his punishment at imprisonment for a term of thirty (30) years. On appeal, the conviction was affirmed. *State v. Funkhouser*, 729 S.W.2d 43 (Mo.App. 1987). Thereafter the defendant filed a motion for postconviction relief pursuant to

former Rule 27.26, now repealed. Relief was denied. The defendant has appealed. Because sentence was pronounced prior to January 1, 1988, and this proceeding was then pending, the appeal is governed by the provisions of former Rule 27.26. Rule 29.-15(m).

■ Upon trial, the State had evidence that the defendant sold eight ounces of cocaine on March 16, 1985. The defendant submitted entrapment and mental disease or defect excluding responsibility. In this proceeding, the defendant asserts he was denied his Sixth Amendment right to the effective assistance of counsel. We bear in mind certain general rules of law which are applicable to this appeal. A criminal defendant asserting denial of the effective assistance of counsel has the burden to show: 1) that trial counsel failed to exercise that degree of skill, care and diligence to be expected of a reasonably competent attorney under similar circumstances, and 2) that he was prejudiced by trial counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674, 693 (1984), rehearing denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Bannister v. State*, 726 S.W.2d 821, 824, cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (Mo.App.1987). To establish the required prejudice, the record must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2067–68. The right to effective assistance of counsel is not a right to acquittal, and there is a strong presumption that the attorney's conduct was proper. *Sanders v. State*, 738 S.W.2d at 857–58.

■ The defendant alleged that counsel was ineffective in nineteen (19) enumerated respects. The motion court conducted an evidentiary hearing and made extensive findings of fact. Both parties have moved this court to take notice of the trial record.

Inasmuch as this court heard and decided the appeal, we consider it proper to grant the motion. *State v. Hooper*, 399 S.W.2d 115, 116[2] (Mo.1966); *Franklin v. State*, 655 S.W.2d 561, 563[1] (Mo.App.1983); *Evans v. State*, 639 S.W.2d 648, 649[3] (Mo.App.1982). Additionally, we note that the motion court made extensive and detailed findings of fact and conclusions of law as required by former Rule 27.26(i). These findings have been helpful, but even if the basis for denying relief is incorrect or insufficient, we must affirm the judgment if it is sustainable on other grounds. *State v. Kimes*, 415 S.W.2d 814, 815 (Mo.1967); *Bannister v. State*, 726 S.W.2d at 825; *Mercer v. State*, 666 S.W.2d 942, 947[9–11] (Mo.App.1984).

■ Under the present rules, we review only those allegations of error which have been properly briefed. Rule 84.13(a). The defendant has briefed only one point in this court. He argues that his trial counsel was ineffective because counsel: 1) failed to object at trial to the introduction of a transcript of a telephone conversation between the defendant and an informant; 2) failed to object to improper cross-examination of witness Fred Nolen, and 3) failed to prepare the defendant to testify, thereby weakening the defendant's defenses of entrapment and post-traumatic stress syndrome.

The defendant's first contention is that trial counsel was ineffective because he did not object to the transcript of a tape recording of a conversation between the defendant and a confidential police informant. The defendant relied, in part, upon the defense of entrapment. His theory was that he had been entrapped by Richard Hursey, to whom he had sold the cocaine. Hursey was a member of the Missouri State Highway Patrol who was, in this case, acting as an undercover agent.

■ As a general rule, when the criminal intent originates with the officer and the defendant is lured or induced into the commission of a crime he was not willing to engage in, then, entrapment has occurred and no conviction may be had. On the other hand, if the criminal intent originates

in the mind of the defendant, it is no defense to the charge that an opportunity is furnished or that an officer aids in the commission of the crime. *State v. Arnold,* 676 S.W.2d 61, 62–63 (Mo.App.1984); *State v. Ritterbach,* 627 S.W.2d 894, 896[3] (Mo. App.1982); *Wilson v. State,* 606 S.W.2d 266, 267[4] (Mo.App.1980). So, it has been held that when the defense of entrapment is raised, then lack of entrapment becomes an additional element of the offense, and if the State fails to rebut the inference of unlawful inducement, the defendant is entitled to a judgment of acquittal. *State v. Soliz,* 620 S.W.2d 61, 62 (Mo.App.1981); *State v. Horton,* 607 S.W.2d 764, 766 (Mo. App.1980). The record indicates the defendant was initially unaware that the confidential informant was an informant; trial counsel demanded that the State identify her, suggesting that he "[could] show that the State [was] fabricating this confidential informant story," and further suggesting that the informant was a prostitute who had been forced to cooperate with police officers. As part of its case-in-chief, the State offered, and the trial court received, a transcript of a taped conversation between the defendant and the informant. The conversation dealt with the procurement and sale of drugs and, contrary to the parties' suggestions, indicated the defendant's willingness to sell drugs to a person other than the undercover agent. Such evidence would tend to rebut the defense of entrapment.

■ There may, of course, have been other or different bases for the admission of the transcript of the telephone conversation. The question, however, is whether counsel was ineffective in failing to object to the use of a transcript of the taped conversation. Generally, transcripts of taped conversations may be used if parts of the tape are inaudible or there is a need to identify the speakers. *State v. Engleman,* 653 S.W.2d 198, 200 (Mo.1983). The authorities do indeed suggest that the tape itself, rather than a transcript thereof, should be used, *State v. Montgomery,* 590 S.W.2d 105, 108–109 (Mo.App.1979), and the trial record does show that defendant's counsel objected to the use of the tran-

script only after it had been received in evidence, but even so, no prejudice to the defendant, within the compass of *Strickland,* is made to appear. The undercover agent who instigated the conversation between the defendant and the informant testified that the transcript "matched" the tape from which it was taken; he had "checked it [himself]." It is reasonable to infer that the tape was available and if trial counsel's objection had been sustained, the original tape would have been played for the jury. We are wholly unconvinced that but for this unprofessional error (if it was such) the result of the proceeding would have been different.

A further assertion of ineffectiveness of counsel is that trial counsel failed to object when, on cross-examination of defense witness Nolen, the prosecution was permitted to inquire into Nolen's belief in ghosts.

Frederick Nolen, a clinical psychologist, was called by the defendant to establish that defendant was not responsible for his criminal conduct because of mental disease or defect as provided by § 562.086, RSMo 1978. Nolen was a clinical psychologist who was in practice, "most of the time dealing with hypnosis." On direct examination concerning his qualifications as an expert, Dr. Nolen was asked if he had "done writing" in his field of study. His answer was: "Well, I have given some workshops on the identification and treatment of multiple personalities, and *I have done some research and written and co-written some articles on ghosts.*" (Our emphasis.) On cross-examination, this witness was asked about his "theory of ghosts," as follows:

"Q. Doctor, I believe that you've done some work in the theory of ghosts, is that right?

A. Yes.

Q. I believe you told me that some of that work you'd based on your own experiences, is that correct?

A. Yes.

Q. You also told me you have lived in a haunted house for 13 years, is that right?

A. Yes.

Q. You have seen the ghost, is that correct?

A. Yes."

 The defendant now argues that such cross-examination was objectionable as cross-examination concerning the witness' religious beliefs. We think not. Dr. Nolen was an expert witness who was called to give testimony that the defendant was not responsible for his behavior because of a mental disease or defect. In civil cases, it is the rule that a party is entitled to cross-examine his adversary's expert in any reasonable respect that will test his qualifications, credibility, skill or knowledge and the value and accuracy of his opinions. *Parker v. Ford Motor Company*, 296 S.W.2d 35, 39 (Mo.1956); *Stafford v. Lyon*, 413 S.W.2d 495, 499 (Mo. 1967); *Powell v. Norman Lines, Inc.*, 674 S.W.2d 191, 195–96 (Mo.App.1984). Section 491.070, RSMo 1986, entitles the State to cross-examine the defendant's witnesses as fully as could have been done in a civil case. *State v. West*, 349 Mo. 221, 224, 161 S.W.2d 966, 967 (1942); *State v. Murphy*, 338 Mo. 291, 303, 90 S.W.2d 103, 109–110[3] (1936). The State was entitled to ask any reasonable question which would test Dr. Nolen's credibility, skill or knowledge and the value and accuracy of his opinions. Failure to object to admissible evidence is not incompetence, and this point is without merit.

The third point briefed, that trial counsel failed to prepare the defendant to testify, is directly refuted by the record made in the motion court. Defendant's trial counsel, an attorney with extensive experience as a public defender, was interrogated at the hearing on the postconviction motion, thus:

\*      \*      \*      \*      \*      \*

"Q. Did you prepare [the defendant] for his testimony at trial?

A. Yes.

Q. Did you sit down with him and discuss what he was going to testify to and explain to him what he needed to testify to and what he did not need to testify to?

A. I attempted to prepare him for trial. I don't know that I explained it to him in those terms.

Q. Okay. Did you go over the testimony of all your defense witnesses with them?

A. I believe so."

\*      \*      \*      \*      \*      \*

To the extent there is a duty to "prepare" a criminal defendant to testify, it may be said that trial counsel properly performed that duty. This point is also without merit. We find no error materially affecting the merits of the action in any respect advanced in this court. Accordingly, the judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.