**STATE of Missouri, Respondent,**

v.

**Michael K. WILLIAMS, Appellant.**

**No. 10923.**

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1979.

Richard L. Parker, Vienna, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven S. Clark, Asst. Attys. Gen., Jefferson City, for respondent.

GEORGE HENRY, Special Judge.

Upon trial by jury, defendant was found guilty of forcible rape and sentenced to life imprisonment. He appeals. We affirm.

Defendant makes four complaints of error: *First*, that the court improperly admitted evidence of the independent crime of robbery; *Second*, that the court improperly admitted evidence of the independent crime of escape; *Third*, that the closing argument of the prosecution contained improper and prejudicial remarks; and *Fourth*, that he has been denied his right to a speedy trial.

This extended series of events began around 1:00 a. m. on October 8, 1974, when the victim of the rape and her husband were awakened by a knock on the door. Her husband answered the door where he was confronted by defendant and a co-defendant (separately tried) who requested use of the phone to call for help to an automobile accident. When the husband started to use the phone, defendant exhibited a pistol and demanded money. During the intruders' stay in the home, defendant twice raped the victim at knife point and then at defendant's suggestion, defendants' co-defendant also raped the victim. Preceding, between and following the acts of rape, defendant searched the home and on leaving, defendant and his co-defendant took with them from the house, guns, jewelry and credit cards. The stolen items were later recovered and admitted into evidence over defendant's objection.

Defendant complains that the items taken were improperly admitted in evidence as such proof went to proof of the independent crime of robbery and had no legitimate tendency to directly establish the defendant's guilt of the charge of forcible rape and that such evidence did not fall within the recognized exceptions which permit evidence of other crimes to establish motive, or intent, or absence of mistake or accident, or a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other or identity of the person charged. This is a correct statement of the well-recognized rule and its exceptions. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (Banc 1954).

"Another well-recognized rule relating to the admission of other crimes is that where the circumstances are such as to constitute one continuous transaction in the accomplishment of a common design and the crimes are concurrent so that the proof of one cannot be made without a showing of facts tending to establish the other, the entire facts may be admissible since they are regarded as part of the 'res gestae' and therefore all the facts may be admitted. In such circumstances the state is not required to nicely sift and separate the evidence and include the testimony tending to prove the

crime for which the defendant is not on trial when it forms a part of the 'res gestae' of the crime charged." *State v. Cox*, 508 S.W.2d 716, 723 (Mo.App.1975); *State v. Sinovich*, 329 Mo. 909, 46 S.W.2d 877, 880 (1931); *State v. Taylor*, 508 S.W.2d 506, 510 (Mo.App.1974); *State v. Parton*, 487 S.W.2d 523, 527 (Mo.1972). The facts here were of a continuing ordeal and so intertwined as to be inseparable. Admission into evidence of the items taken was not error.

■ The second claim of error is that "The Court erred in allowing evidence of the independent crime of escape; specifically the court erred in allowing into evidence the picture of the Maries County jail with the hole cut into the wall through which defendant escaped." Prior to the start of the trial, defendant filed a motion in limine seeking to prevent the prosecution from inquiring into defendant's prior criminal record. The motion was overruled. Evidence produced in the trial shows that the criminal record referred to defendant's plea of guilty and two-year sentence for escape from the Maries County jail approximately two weeks following his arrest on the rape charge. The following questions to Officer Viessman, a sergeant with the Missouri State Highway Patrol assisting in the investigation of the escape, first called attention to the hole in the jail wall:

"Q. And when you went to the jail there, did you examine the jail?

A. Yes.

Q. When you examined the jail, tell the jury what you saw.

A. Well, in the bullpen area, off to the west side, there was a hole in the wall."

Defense counsel made no objection to these questions. Later a photograph of the hole in the jail wall was offered and received into evidence over defendant's objection that the same was very prejudicial. No further mention was made of the escape until defense counsel in cross-examination of Officer Viessman established that defendant pled guilty to the crime of escape and received a two-year sentence. Defendant took the stand in his own defense and testified to his plea of guilty and receipt of a two-year sentence on the escape charge. Defendant recognizes that evidence of the crime of escape is admissible as bearing on the issue of guilt even though it is evidence of a separate crime. *State v. Holt*, 465 S.W.2d 602, 607 (Mo.1971).

Point II fails to comply with the requirements of Rule 84.04(d) V.A.M.R. because it does not undertake to state "wherein and why" the introduction of the exhibit was error, such being left to conjecture and guess. *State v. Holman*, 556 S.W.2d 499, 506 (Mo.App.1977); *State v. Haslip*, 583 S.W.2d 225 (Mo.App.1979) (So. Dist. No. 10623). This is especially true in view of the fact that defendant did not object when mention was first made of the hole in the jail wall. Point II preserves nothing for review.

■ Error is also assigned based upon closing argument of the prosecuting attorney when he argued possibilities of parole. The prosecutor, in opening argument, stated, "But I want to tell you that this evidence, this kind of man deserves a maximum penalty of life in the penitentiary." "And let him prove to the penitentiary people when he's rehabilitated himself and can be released." There was no objection by defense counsel to this argument. Again without objection, the prosecutor argued that sentence to the penitentiary should be "for long enough that his rehabilitation may be able to be guaranteed." Defense counsel, in his argument, introduced mention of the Department of Corrections and argued to the jury that the "most important duty that you've got is to consider that there should be no more time in the penitentiary than it takes to rehabilitate the defendant." He also argued that "the purpose of punishment is not punishment but rehabilitation." The judge, in overruling the prosecution's objections, allowed the argument recognizing the prosecution's ability to retaliate. During the prosecution's closing argument, one reference was made to "getting out" and one reference to rehabilitation judgments connected with the Department of Corrections. Defense objec-

tions were sustained in each instance. Control of arguments of counsel and determination of the existence of prejudice as a result of an argument are matters within the discretion of the trial judge and the judge's rulings will not be disturbed on review unless such discretion has been clearly abused. *State v. Frankoviglia*, 514 S.W.2d 536, 539 (Mo.1974); *State v. Berry*, 526 S.W.2d 92, 102 (Mo.App.1975); *State v. Hicks*, 535 S.W.2d 308, 313 (Mo.App.1976). Defendant also asserts that the prosecutor's closing argument suggestion of a sentence which would not return appellant to the streets was improper. This point is not preserved for review because it was not covered in the motion for a new trial. *State v. Grey*, 525 S.W.2d 367, 370 (Mo.App.1975); *State v. McNeal*, 539 S.W.2d 722, 725 (Mo.App.1976). The matters complained of in the state's argument do not constitute prejudicial error.

Defendant's last point is that the court erroneously overruled his motion to dismiss for want of prosecution and lack of a speedy trial. Between the time of defendant's arrest on October 11, 1974, and his trial on May 31, 1977, defendant escaped jail; filed for a change of venue; pled guilty and served a sentence for escape in the Missouri State Penitentiary, and disqualified the circuit judge. Before overruling the motion to dismiss for lack of a speedy trial, Judge Moore elicited from defense counsel that the defendant did not bring his motion for a speedy trial to the attention of Judge Northern (later disqualified) and did not request a trial setting at any time. Defendant agreed to one continuance and did not object to a second continuance from March 30, 1977, to May 31, 1977, made at the request of the state due to illness resulting from a heart attack suffered by a state's witness (husband of the victim). The defendant waived his right to a speedy trial by failing to take affirmative action in demanding trial. *State v. Harper*, 473 S.W.2d 419, 424 (Mo. banc 1971); *State v. Williams*, 554 S.W.2d 524, 528 (Mo.App. 1977). The point is overruled.

Judgment affirmed.

FLANIGAN, C. J., TITUS, P. J., and CAMPBELL and BARKER, Special Judges, concur.