STATE of Missouri, Respondent,

v.

Darrell McCAFFERTY, Appellant.

No. 39548.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 21, 1979.

Robert C. Babione, Public Defender, James M. Smith and Mary Elizabeth Dockery, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of second degree burglary and the court sentenced him to eight years' imprisonment as a prior felon.

On appeal defendant acknowledged the sufficiency of the evidence, which we need not relate. His contention is that the trial court erred in failing, *sua sponte*, to inform him of his right to represent himself at trial. Neither at trial, nor in his motion for new trial, did defendant raise this point.

Just prior to trial defendant "refused" to go to trial with appointed counsel and requested appointment of new counsel. Following an evidentiary hearing, the court denied defense counsel's motion to withdraw and the case proceeded to trial.

We conclude that in the absence of any request by defendant to represent himself the trial court did not err in failing to inform him of his right to do so.

Defendant relies on the cases of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and *Martin v. Wyrick*, 568 F.2d 583 (8th Cir. 1978). Neither is in point. Each concerned a defendant who— contrary to our case—before trial specifically requested and was denied the right to represent himself. *State v. Burgin*, 539 S.W.2d 652, l.c. 653 (Mo.App.1976) and *State v. Haddix*, 566 S.W.2d 266[11, 12] (Mo.App. 1978), although not precisely in point, lend support to the state's present contention that a defendant's right of self-representation must be affirmatively asserted in the trial court. In *United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976) the court held that the right to self representation is one which the defendant "must clearly and unequivocally assert before trial, as the accused did in *Faretta*, supra." And, in the recent case of *Felts v. Oklahoma*, 588 P.2d 572 (Okl.Cr.1978), which is squarely in point, the court ruled: "The implication of these cases (*Faretta* and *Bennett*, supra) is strong that if a defendant wishes to proceed *pro se* it is incumbent upon him to initiate a request therefore and not a duty for the court to advise him of this right."

We hold the trial court did not err in failing *sua sponte* to inform the defendant of his right to represent himself at trial.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.