**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Tony L. SANTONELLI, a/k/a Harry Hoigard, Defendant-Appellant.**

**No. 41035.**

Missouri Court of Appeals, Eastern District, Division Three.

May 27, 1980.

Application to Transfer Denied Sept. 9, 1980.

Timothy W. Kelly, Chubb & Hayes, Ferguson, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant appeals from a conviction of second degree burglary. Upon appeal, he argues the trial court erred in denying his oral motion to dismiss the case for failure to prosecute and in failing to hold an evidentiary hearing upon the motion. Defendant contends the trial court's actions are erroneous because the State had filed a detainer

in another state in which defendant was incarcerated but failed to have defendant returned to Missouri and afforded his right to speedy trial to defendant's prejudice.

On the day of his trial in August, 1978, defendant orally moved to dismiss his case, asserting he had been denied his right to speedy trial. The amended information charging defendant was filed in May, 1976. In support of his motion to dismiss, defendant's counsel argued:

"The case was issued in April of 1976, and the State has known at all times since then where Mr. Santonelli was, either on bond or in custody, and has not elected to proceed on the charges until today.

The record in the file indicates only one time was there a continuance granted for the defendant, which was July 21, 1978. This was a time when he was out of town on vacation and I had no idea of his whereabouts then. As it turned out, Mr. Santonelli has been in Federal custody and made a bond in Kansas. Mr. Santonelli has made it known he was available at all times. And by now denying him a right to a speedy trial, he would ask to be discharged."

As far as can be discerned from statements made by the prosecutor and defense counsel in argument upon the motion to dismiss together with defendant's statements, it would appear defendant was arrested upon the instant charges in the Spring of 1976 but was thereafter taken into federal custody for parole or probation revocation proceedings,[1] later being released on bond. Defendant pleaded guilty to federal charges and was imprisoned in the federal prison at Leavenworth, Kansas. Missouri filed a detainer at some time during defendant's federal incarceration. Defendant had some sort of legal representation in Kansas. He failed to sign the request to be brought to trial afforded under the Interstate Agreement on Detainers to which both Missouri and the federal

government are parties. §§ 222.160 to 222.-220 RSMo Supp.1971; 18 U.S.C.A.App. Defendant claims he did not sign the request for trial under the belief Missouri would have to proceed on its charges within six months or drop them.

Defendant informed the trial court that the denial of his right to a speedy trial was to his prejudice because two defense witnesses had recently died. One witness who died four to five weeks before trial purportedly would have testified that defendant was not arrested inside the burglarized drug store. Defendant contended another witness had died the prior week and that the witness would have testified defendant was in the area of the burglarized drug store but was "looking at something else."

The State contended that names of the two witnesses claimed by defendant had not been given to the State pursuant to discovery motion filed in 1976 and that the State first learned of the witnesses on the day of trial.

▪ Defendant's allegations of a violation of his right to speedy trial are not based upon any statutory right, §§ 545.890, 545.900 RSMo 1969, but are based upon the Sixth Amendment of the United States Constitution as applicable to state prosecutions. *State v. Black*, 587 S.W.2d 865, 868[1] (Mo.App.1979). In determining whether such right to a speedy trial has been violated, we consider: (1) the length of delay; (2) the reasons for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *State v. Black*, *supra* at 869[2]; *State v. Hollis*, 584 S.W.2d 137, 142[4] (Mo.App.1979). We are to consider the four factors, cognizant of the admonition that an overzealous application of the unsatisfactorily severe remedy of dismissal would infringe the societal interest in trying those accused of crime rather than granting them immunization because of legal error. *State v. Black, supra* at 877.

1. The facts are unclear, but defendant indicated he made several state court appearances in the period May through November, 1976 before being taken into federal custody, seemingly in November, 1976. Defendant claims he tried to plead guilty to state charges after being placed in federal custody but could not get on the docket.

Although the defendant has no affirmative duty to bring himself to trial, the defendant's assertion of his right to speedy trial is belied by his failure to take affirmative action in demanding trial a reasonable length of time before asserting his right to release. *State v. Harper*, 473 S.W.2d 419, 423–24[3] (Mo. banc 1971); *State v. Black, supra* at 876[14]; *State v. Williams*, 584 S.W.2d 134, 137[7] (Mo.App.1979); *State v. Hollis, supra* at 142–43[4–7].[2]

In the instant action, defendant's assertion of his right to speedy trial is belied by his failure to sign his request to be brought to trial while in federal custody after Missouri filed its detainer. It is also of note that, at the same time defendant made his oral motion for dismissal on the day of trial, defendant also inartfully requested a continuance because he did not believe his counsel had, despite counsel's diligence, had an opportunity to adequately prepare. Defendant first asserted his right to speedy trial on the day of trial, and we cannot say trial was not granted with dispatch.

We cannot agree that, as suggested by defendant, the state did not fulfill its obligation to bring defendant to trial under the Agreement on Detainers. The obligation to request disposition of pending charges was upon defendant[3] who admittedly did not sign his request for disposition upon receipt

of poor advice. The state did not violate defendant's right to speedy trial.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

---

**2.** Cases involving periods of delay between arrest and trial similar to or greater than the period of delay in the instant case have held the delay not a violation of a defendant's right to speedy trial when the defendant has not taken affirmative action in demanding trial a reasonable length of time before asserting his right to release. A 3½ month delay between first arrest and nolle prosequi, 16 month delay before second arrest, and 18 month delay between second arrest and trial was not a violation of defendant's right to speedy trial in view of the absence of prejudice and the fact defendant failed to move the adjudicative process along from the time of the second arrest, continued his motion to dismiss, disqualified a judge, and obtained withdrawal of defendant's counsel before trial. *State v. Black, supra.* A 2 year, 7 month delay was nonetheless not a denial of speedy trial because of a waiver of the right to speedy trial by a defendant who escaped jail,

filed for change of venue; plead guilty and served a prison sentence for escape; disqualified one circuit judge without ever bringing his motion for speedy trial to the attention of that judge; failed to request trial setting at any time; and agreed to or did not object to continuances sought by the state shortly before trial. *State v. Williams, supra.* A 20 month delay was not a denial of defendant's right to speedy trial when defendant had requested continuance; filed 2 motions for mental examination, one of which was granted; had been represented by 3 different attorneys; and did not demand trial earlier than 4 days before trial. *State v. Hollis, supra.*

**3.** § 222.160 RSMo Supp.1971; 18 U.S.C.A.App.; *State ex rel. Stanley v. Davis*, 569 S.W.2d 202 (Mo.App.1978).