**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Herbert ARMSTRONG, Jr.,**
**Defendant-Appellant.**

**No. 41641.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Applications to Transfer Denied
Dec. 14, 1981.

Springfield Baldwin, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis wherein a jury convicted defendant of first degree robbery, armed criminal action and assault with intent to kill without malice. The court sentenced defendant under the Second Offender Act to serve concurrently terms of thirty-five, three and two years respectively.

Defendant raises five grounds for reversal, contending that the circuit court erred in (1) denying defendant's pro se motion to "disqualify" appointed defense counsel, (2) denying defendant's pro se motion to suppress evidence of identification by the victim, (3) denying defendant's motion for continuance, (4) entering its judgment of conviction under Count II Armed Criminal Action, and (5) overruling defendant's pro se "motion to dismiss or in the alternative to quash."

The defendant does not question the sufficiency of the evidence to sustain the conviction. The jury could have found that defendant and Van Woods entered the victim's appliance store on South Grand Avenue in the City of St. Louis. Defendant expressed an interest in purchasing a television set upon a layaway plan and gave his name as Armstrong. Woods drew a weapon and restrained the victim, while defendant went around to the cash drawer. As the defendant removed the coins and bills, he inadvertently triggered the concealed, silent alarm. Defendant then asked the victim for the rest of the money. The victim gave him an envelope with about $10 in it. They also took $800 from the victim's pocket. Finally, the victim was ordered into a back room and bound. The robbers subsequently exited, but not before they grabbed two small television sets which they abandoned in their flight.

One of the bills had been attached to a device that activated a silent alarm as the bill was removed. Defendant and Woods had just left the store when police officers arrived. The victim called to the police to tell them that the men who had just left the store had robbed him. Woods ran but

was captured after a short chase. Defendant fled in an automobile. Having plotted the direction of the chase, Schickedanz, a police officer, set up a road block on Compton Avenue. His car blocked one-half of the street. He stood in the other half of the street, gun in hand and badge displayed as defendant approached. Defendant drove the car at the officer who jumped out of the way. However, defendant's car collided two blocks away and defendant was arrested immediately thereafter.

The facts relevant to the issues raised by defendant will be set out as the issues are discussed.

The defendant's first contention, as we read the point, is that the court erred in overruling his pro se "Motion to Disqualify Attorney of Record" because (1) to deny defendant the right to dismiss his attorney and require defendant to go to trial with that attorney "who will actually conduct the trial" is to deny defendant effective assistance of counsel and (2) because the judge was "personally prejudiced against defendant" and thus deprived him of his Fifth Amendment Rights.

Defendant has a right to the effective assistance of counsel, but this does not mean that he is entitled to any particular attorney. *State v. Jefferies*, 504 S.W.2d 6 (Mo.1974); *State v. Stout*, 604 S.W.2d 710 (Mo.App.1980). Nor does he have the right to discharge counsel on the eve of trial for insubstantial cause. *State v. Smith*, 586 S.W.2d 399 (Mo.App.1979).

In the case at bar defendant filed his pro se motion to disqualify his attorney on the morning that the case was set for trial. Trial counsel was the third lawyer to represent defendant in this case. The crime was committed on March 24, 1977 and after being released on bond the defendant fled the jurisdiction and was not returned until August of 1978. The case was tried with preliminary proceedings starting on March 12, 1979. Under the circumstances it was incumbent upon the court to be vigilant lest defendant's request for dismissal of his attorney should prove to be a vehicle for

achieving delay. *United States v. Young*, 482 F.2d 993, 996 (5th Cir. 1973). *U. S. v. Hart*, 557 F.2d 162 (8th Cir. 1977).

The trial court heard this motion and scrupulously reviewed the allegations of defendant's motion with defendant and his attorney. The hearing on this motion covers 26 pages of the transcript on appeal. A careful reading of the transcript, particularly the comments of defendant and his attorney, would lead one to believe that defendant's real purpose in filing the motion was to delay the trial. Counsel stated that he did not think he had "enough time to discuss [the case] with the defendant"; that defendant "psychologically, isn't prepared to proceed to trial at this time." Counsel was appointed in December of 1977 and had seen defendant on at least six occasions and spoken to him on the telephone "a couple of times."

Defendant's primary complaint was, "I don't feel that the attorney of record has my best interests at heart." His complaints were that the attorney failed to obtain the formal charge and the grand jury minutes. However, he admitted he had a copy of the charge which was made by information. There had been no grand jury hearing and thus no minutes were available. These allegations were obviously frivolous.

The court then asked about defendant's allegation that the attorney had conferred with him "only briefly on two occasions the week prior to [trial]." Defendant replied, "I think I saw Mr. Cosentino one Tuesday and one Friday." Counsel advised the court that he had conferred with defendant early in the week and on Thursday and Friday. In addition he had conferred with defendant for an hour and a half when he was first appointed. He was with defendant for three hours at the hearing on the bond forfeiture and conferred with defendant on at least two occasions by telephone. Defendant did not dispute counsel's statement. This allegation was devoid of merit.

█ The next allegation read to defendant stated, "[a]ttorney has failed to contact people whom I intend to use as witnesses for the defense." Counsel explained that defendant had given him the names of some character witnesses but he had not had an opportunity to get them into court. The court asked defendant if the witnesses could be contacted and defendant told the court it was possible. When asked if the witnesses could be in court two days hence, defendant evasively stated "I would like to fire Mr. Cosentino as my attorney of record." He intended "to go to trial with someone who had his interests at heart." The allegations of this motion and the statements of defendant and his counsel do not reveal the irreconcilable conflict, the total breakdown between attorney and client that would require the court to discharge counsel and appoint another lawyer to represent defendant. *State v. Smith*, 586 S.W.2d 399, 401 (Mo.App.1979).

█ Nor do the facts in this case involve the application of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Defendant did not ask to represent himself but stated that he wanted "to go to trial with someone who had his interests at heart." This issue was squarely determined in *State v. McCafferty*, 587 S.W.2d 611 (Mo. App.1979). Where defendant does not ask to represent himself, the court is not required to advise him of that option.

As demonstrated above, the motion of defendant to have his counsel discharged was barren of merit and bordered upon the frivolous. We are therefore not required to address the other attack upon the action of the trial court in denying the motion under consideration. The transcript reveals that defendant was ably and vigorously represented by experienced trial counsel who was thoroughly prepared.

█ Defendant next complains that the trial court erred in overruling his pro se motion to suppress the identification of the victim. As urged by the State this issue was not preserved for appellate review. When defendant's motion to suppress is denied, timely objection must be made to the identification during trial. *State v. Greenlaw*, 593 S.W.2d 641, 643 (Mo.App.1980). No objection was made to the identification

of defendant by the victim during the trial of the case. It was not preserved for our review.

■■ Counsel's trial strategy could well have dictated that he refrain from objecting because the point is devoid of merit. Defendant's complaint concerned the confrontation between the victim and the defendant at the police station some two to four hours after the robbery. We need not consider whether this confrontation was suggestive and impermissible under *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and its progeny because there was an independent basis for his in-court identification. *State v. Morgan*, 593 S.W.2d 256 (Mo.App.1980). In the present case the victim saw defendant looking at T.V. sets in the appliance shop a "couple of days before" the robbery. On the day of the robbery defendant had a discussion with the victim concerning the purchase of a television set on the lay-away plan. He got to the point in the transaction where the victim was starting to prepare a bill of sale when his accomplice drew a gun on the victim. The robbers were in the store long enough to negotiate the purported purchase of a T.V., to empty the cash drawer, get additional money from the victim, and bind him. The victim estimated that he observed defendant for ten to fifteen minutes during the robbery. There was proof of an independent source of observation upon which the victim based his identification. The court did not have to examine the details of the confrontation at the police station for impermissible suggestiveness. *State v. Morgan, supra* at 258. Even though the issue was not preserved, there is no merit to defendant's complaint.

■ As we read the argument under defendant's third point relied on he contends that this case should be remanded because he was not afforded effective assistance of counsel. The question of effective assistance of counsel is generally best left for consideration in a proceedings under Rule 27.26. *State v. Stout*, 604 S.W.2d 710, 714 (Mo.App.1980). The defendant's pro se motion for new trial raised the issue and the

trial court ruled upon it, therefore we shall consider the point.

Defendant argues again the issues determined under his first point relied on which we need not discuss further. He also contends that counsel was not prepared and that there was no opportunity to negotiate a plea.

Defendant's primary complaint at this point seems to be that defendant's counsel was not prepared to try the case. He bases this upon comments made by counsel when he was attempting to obtain a last minute continuance. The only reason asked for the continuance was to prepare defendant psychologically for the trial. Counsel conceded that he had reviewed the proceedings of the preliminary hearings and the police reports. He had been out to the scene of the crime and traced the route of the chase. He had also obtained a statement from the victim. He stated "I'm not ready because of my relationship with the defendant." He felt that a little more time with defendant would resolve the "attitude problem that developed with defendant." The court agreed that after selection of the jury it would continue the case until the following day to give counsel the additional time.

■ No objection was made to proceeding on the following day which began with a hearing on defendant's other motions. Defendant has failed to demonstrate that counsel was unprepared. He fails to state what counsel could have done that he did not do and what effect further preparation would have had in the case. No prejudice to defendant is shown by reason of any thing counsel did or did not do. *Rodgers v. State*, 610 S.W.2d 25 (Mo.App.1980).

■ *Rodgers v. State, supra*, also supplies the answer to the contention that counsel did not have time to engage in plea bargaining and we refer the reader to the lucid discussion in that case. We also note that one of defendant's complaints against counsel in his motion to "disqualify" counsel and in the motion for new trial is that counsel tried to encourage defendant to consider entering a plea of guilty. This is hardly consistent with defendant's present

position on the issue before us. We find no merit in this point.

Defendant urges that the trial court erred in denying his pro se "Motion to Dismiss or In The Alternative to Quash." As we read defendant's point he complains that the trial court violated his rights under the Agreement on Detainers Statute § 222.-160 RSMo 1978 because "(1) [t]he trial judge overruled the motion because of his personal hatred and prejudice against the defendant . . ." and "(2) [b]ecause by overruling the said motion the trial judge denied to defendant effective assistance of counsel . . . ." Neither the point nor the argument squarely addresses the issue of whether defendant's rights to a speedy trial were violated, the primary issue that should be determined by us. If defendant's constitutional or statutory right to a speedy trial have been violated he would be entitled to be discharged. *State v. Black,* 587 S.W.2d 865 (Mo.App.1979); *State ex rel. Hammet v. McKenzie,* 596 S.W.2d 53 (Mo.App.1980); *State v. Santonelli,* 600 S.W.2d 205 (Mo. App.1980).

When the attorney for the State was arguing in opposition to the motion he called the court's attention to its own court file to reflect that defendant had been represented by three attorneys and that the case had been continued on his behalf a number of times. We have on our own initiative obtained the circuit court file. Rule 30.04(h).

The minutes of the circuit court file reveal that on August 9, 1978, the court was informed that defendant, who had fled the jurisdiction, had been apprehended and was in the jurisdiction of the court and the case was set for trial on September 5, 1978. Thereafter the case was continued on two occasions for "want of time to try" and on one occasion for the State after which the case was set for trial on October 30, 1978.

During the week of October 30, the case was continued for the defendant and at the next setting it was again continued for the defendant. The transcript reveals that defendant was dissatisfied with the representation by the public defender, and according to the court's minutes, the public defender

was permitted to withdraw and the court appointed Mr. Cosentino to represent defendant. The court again continued the case for the defendant. On January 25, 1979 the case was continued for defendant to March 12. The case finally was tried during that week. All continuances from October 30, 1978 to March 12, 1979 were at the request of the defendant and cover a span of 133 days.

Whether, as defendant contends, § 222.160, Article III or IV, RSMo 1978 were triggered by a letter to the court on August 24, 1978 and 199 days had elapsed before trial, would be of no consequence in view of the delay occasioned by the continuances made at defendant's request. The facts belie any violation of defendant's rights to a speedy trial under constitutional standards or under the provisions of § 222.-160 RSMo 1978. See *State v. Santonelli, supra.*

We have not addressed defendant's complaint that the trial court overruled his various motions because the court was prejudiced against defendant for a number of reasons. First, we find no such complaint in either the motion for new trial filed by counsel on behalf of defendant or in the motion for new trial filed by defendant, pro se and thus it has not been preserved for our review. *State v. Murry,* 580 S.W.2d 555, 558 (Mo.App.1979). Second, as demonstrated above, there was no merit to any of the motions that we have considered. We have also carefully reviewed the transcript and find no evidence of prejudice on the part of the trial court. We have found one incident of a remark by the court that could be called a brief display of impatience on the second day of proceedings during the continued argument on the defendant's various motions. On the first day of the hearing some 26 pages of the transcript had been devoted to hearings on the motions. On the second day after hearings on the motions that cover another ten pages of the transcript, defendant's counsel proposed to call Officer Schickedanz in support of the motion to suppress the victim's identification of defendant. Schickedanz had not been at the scene of the crime and had not been present at the police station when the

victim identified the defendant. The court's comments were directed to counsel's tactics and not to defendant. The court thereafter heard the other motions before proceeding with the trial. This incident occurred outside the presence of the jury and had no effect upon the jury's determination of the merits of the case and as pointed out above there was no basis upon which the court could have sustained any of defendant's motions discussed in this opinion. There is no merit to defendant's contention.

Defendant also raises the question of the validity of the conviction on the charge of Armed Criminal Action. That issue has been put to rest by the recent opinion in State v. Haggard, 619 S.W.2d 44 (Mo. banc 1981). As a consequence of that opinion we are required to reverse the conviction for Armed Criminal Action.

The judgment of the trial court is reversed as to the conviction for Armed Criminal Action and affirmed in all other respects.

STEPHAN, P. J., and DOWD, J., concur.