STATE of Missouri,
Plaintiff-Respondent,

v.

Maurice KIRKSEY,
Defendant-Appellant.

No. 50292.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1986.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
Aug. 14, 1986.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Joseph A. Fenlon, Clayton, for defendant-appellant.

SIMON, Judge.

Defendant, Maurice Kirksey, appeals his conviction of two counts of robbery first degree (§ 569.020 RSMo 1978) and two counts of armed criminal action (§ 571.015 RSMo 1978) pursuant to the jury's verdict in the Circuit Court of St. Louis County. Defendant was sentenced as a persistent offender to concurrent terms of life imprisonment on the robbery counts and to concurrent terms of life imprisonment on the armed criminal action counts. The concurrent terms on the armed criminal action were to be served consecutively to the concurrent life terms on the robbery counts. Further, the said sentences are to run consecutively with a sentence imposed in the City of St. Louis. Defendant appeals.

On appeal, defendant alleges the trial court erred in: (1) overruling his motion to dismiss pursuant to the speedy trial act, (§ 545.780 RSMo 1978. All further references shall be to RSMo 1978 unless otherwise noted.) in that the state delayed 39 months before bringing him to trial and the delay was attributable solely to the state and defendant asserted his speedy trial right at every opportunity; (2) failing to sustain defendant's motion to dismiss his third prosecution because the state was barred by the speedy trial act after those charges had been dismissed twice previously, and if the 1984 amendment (§ 545.780 RSMo Supp.1984) to the speedy trial act permits a third prosecution, the amendment is an ex post facto law contrary to the Tenth Amendment to the U.S. Constitution and Article 1, Section 13 of the Missouri Constitution; (3) subjecting defendant to double jeopardy by allowing him to be tried and sentenced on robbery and armed criminal action charges resulting from the same incident; (4) refusing to reprimand the prosecutor or declare a mistrial for his inflammatory and prejudicial response to defense attorney's closing argument and his references to other charges pending against defendant.

Defendant does not contest the sufficiency of the evidence. Therefore, a brief rendition of the procedural history necessary to a discussion of defendant's points on appeal follows. On October 22, 1981, defendant was arrested on charges of robbery, first degree, in the September 13, 1981 armed robbery of a Super America Service Station in Woodson Terrace, St. Louis County, Missouri. On November 5, 1981, the trial court, noting that no grand jury indictment had been returned, sustained defendant's oral motion to dismiss for the state's failure to prosecute and discharged the defendant. During this period, defendant was confined approximately 13 days. On August 30, 1982, about 298 days after this dismissal, the grand jury indicted defendant on two counts of robbery, first degree, and defendant was arrested and arraigned on September 3, 1982. On April 8, 1983 defendant moved to dismiss pursuant to § 545.780 for failure to bring him to trial within 180 days after he was arraigned. That motion was sustained on April 11, 1983 and the counts were dismissed without prejudice. During this period, defendant was incarcerated for about 38 days. Another indictment was returned April 16, 1983 charging defendant with two counts of robbery, first degree, and two counts of armed criminal action. Defendant was arrested on April 21, 1983 and arraigned on April 26, 1983. On January 5, 1984 defendant filed his motion to dismiss pursuant to the speedy trial act. The motion was heard and overruled March 12, 1984 and the case was set for trial for the week of March 19, 1984. Defendant moved to have his dismissal motion reconsidered. That motion was heard and sustained on March 20, 1984 and the cause dismissed without prejudice due to the seriousness of the offense. During this period, defendant was confined for 6 days. Defendant was again indicted on the same charges March 24, 1984 and arrested on July 7, 1984. He was arraigned on July 17, 1984 and the case was set for trial August 20, 1984. During this period, defendant was confined for 3 days. A motion to dismiss under the speedy trial act was filed on August 10, 1984 and the trial was then reset for October 22, 1984. Both the motion hearing and trial were reset again due

in part to state prosecutor's vacation and leave granted to defendant to file an additional memorandum on his motion to dismiss. On November 26, 1984 defendant filed a supplemental motion to dismiss and a memorandum in support thereof was filed December 18, 1984. On December 21, 1984 defendant's bond was revoked upon application of his surety and he was arrested on December 27, 1984. On January 4, 1985 defendant's supplementary motion to dismiss was heard and overruled. On February 4, 1985, the jury was selected and the trial court found defendant to be a persistent offender. On February 5, 1985, the jury was sworn and the trial began. During this period, defendant was confined for about 40 days. The jury returned guilty verdicts on all four counts. Post trial motions were heard and denied and defendant received life sentences on all four counts. Defendant was granted credit for jail time served. It is from the judgments and sentences that defendant now appeals.

In point one, defendant alleges that the trial court erred in overruling his motion to dismiss because defendant was denied a speedy trial under the United States and Missouri constitutions in that the state delayed 39 months before bringing him to trial. Defendant argues that the thirty-nine month delay is presumptively prejudicial, that the state asserted neither negligence nor any other reason to justify the delay and that he asserted his motion to dismiss for failure to afford a speedy trial at every possible opportunity. He alleges prejudice as a result of the periods of incarceration, approximately 100 days, while awaiting arraignments and trial, which deprived him of family life, the right to seek employment and earn a wage, enforced idleness, hampered effective rehabilitation, subjected him to public scrutiny and hampered adequate preparation of his defense. He further alleges prejudice because witnesses were unable to accurately recall specific instances of the robbery and significant facts concerning the defendant's description that he alleges were occasioned by the delay.

The state contends that there is no specific timetable for determining whether a speedy trial right has been infringed and that merely because there has been a lengthy delay does not automatically mean the right has been infringed so as to require a reversal. State concedes that the thirty-nine month delay here is presumptively prejudicial and that a balancing test is required to determine whether defendant has been denied a speedy trial. State alleges that there is no evidence that it deliberately hampered the defense and, if anything, its conduct amounted to mere negligence and defendant suffered no prejudice so as to require reversal. State concludes that the other factors outweigh any presumed prejudice caused by the delay and the speedy trial right was not infringed.

■ The defendant's right to a speedy trial right is founded upon the 6th Amendment of the U.S. Constitution and Article 1 § 18(a) of the Missouri Constitution. Whether such right has been violated depends upon a consideration of certain factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed 101 (1972). In *Barker*, the Supreme Court identified a four factor balancing test, in which the conduct of both the state and the defendant are weighed to determine whether the defendant was denied his right to a speedy trial. The factors are: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. The Supreme Court recognizing that the right to a speedy trial is generically different from any other constitutional rights opted for the application of the balancing test on a case by case basis, rather than the application of a rigid rule in all cases. *Barker*, 92 S.Ct. at 2192. Thus, a lengthy delay, alone, does not necessarily result in a denial of the constitutional right to a speedy trial so as to require reversal. Id. at 2192.

■ The first factor to be considered is the length of the delay. Our Supreme Court, in *State v. Morris*, 501 S.W.2d 39, 41 (Mo.1973), applied the *Barker* balancing

test in holding that a delay of more than sixteen months did not establish, per se, a denial of Morris's constitutional right to a speedy trial. Here, the delay was more than thirty-nine (39) months. The delay is measured from the time the defendant is indicted or actually arrested and charged and becomes an "accused" person. *U.S. v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971); *State v. Black,* 587 S.W.2d 865, 872 (Mo.App.1979). The length of the delay is, to some extent, a triggering mechanism but until the delay is presumptively prejudicial, no further consideration of the other factors going into the balance is required. *Barker,* 92 S.Ct. at 2192. Here, the state and defendant agree that the thirty-nine month delay is presumptively prejudicial. Thus, we must consider the remaining factors.

The second factor to be weighed is the reason for the delay. Defendant contends that the state has never offered any reasons for the delay and has remained silent on each of the occasions the charges were dismissed for failing to bring him to trial. State argues that there has been no showing that the state deliberately hampered the defense and suggests that, if anything, the state's inaction was due to mere negligence. Thus, state alleges this factor should be weighed, if at all, only slightly against it.

Aside from the conclusory statement of mere negligence asserted in the appeal, the state has remained silent, offering no reasons to justify the delay. The record reveals that the state has offered no reasons for defendant's 13 day incarceration resulting from the failure to seek a grand jury indictment following the October 22, 1981 arrest, the 10 month delay between defendant's November 5, 1981 dismissal following state's failure to seek an indictment and the subsequent August 30, 1982 indictment, and the 29 month delay from the time of defendant's initial arraignment September 3, 1982 until the time of trial February 4, 1985.

Turning first to the 10 month period between the first dismissal and the subsequent arrest and indictment, the record does not show any reason for the delay. However, there is no indication that this delay was caused by the state's negligence or done in a deliberate attempt to hamper defendant's defense. Further during this period, defendant was not under arrest or in any way restrained nor an "accused" person. Thus we find no reason to weigh this period against the state. *See State v. Black,* 587 S.W.2d 865, 870–76[11].

■ As to the 29 months delay measured from the time of defendant's initial arraignment September 3, 1982 until the actual trial, February 4, 1985, the state remained silent, offering no reasons for this delay. The record reveals that 10½ months of this delay occurred because defendant's trial date was reset without explanation several times between September 2, 1983 and March 20, 1984, and again between August 20, 1984 and January 14, 1985. The record does not show this unexplained delay to have been occasioned by the state in a deliberate attempt to hamper the defense. The state, however, offers no explanation for the delay. Thus, the delay should be weighed against the state. The remaining 18½ months in this period as well as the 13 days in which defendant was incarcerated after the initial arrest October 22, 1981, each unexplained by the state's silence, should be weighed against the state. *State v. Black,* 587 S.W.2d 865, 875[10].

■ The third factor to be considered is whether the defendant asserted his right to a speedy trial. In *Barker,* 92 S.Ct. 2190, no rigid requirement was set for when the right must be asserted. Rather, the circumstances surrounding the assertion or failure to assert the right must be examined to see if the defendant desired a speedy trial or whether his conduct indicates an acquiescence in the delay. *Barker,* 92 S.Ct. at 2194–95.

■ In *Barker,* the court concluded that Barker did not want a speedy trial. The court noted that Barker had failed to object to 15 continuances granted to the state over a period of approximately five years.

The only action Barker took was moving to dismiss after the 12th motion to continue. The court concluded that Barker did not want to be tried. Instead, he had hoped to take advantage of the delay in which he had acquiesced and thereby obtain a dismissal of the charges. Similarly, in the instant case defendant did nothing to get his trial to proceed more quickly. Rather, defendant merely asserted his right to a speedy trial in motions to dismiss, supplemental motions to dismiss, and motions to reconsider, raised only well after the 180 day statutory limitation period had passed. While we recognize that defendant did nothing to hamper the commencement of his trial and that he is not responsible to bring himself to trial, we find that he did nothing to get his trial to proceed more quickly and that his actions indicate the desire to avoid trial. *State v. Santonelli*, 600 S.W.2d 205, 207 (Mo.App.1980). Thus, we weigh the factor against the defendant.

■ Analysis of the final factor, whether the delay actually prejudiced the defendant encompasses three interests of the defendant that the speedy trial act was designed to protect: (i) preventing oppressive pretrial incarceration; (ii) minimizing defendant's anxiety and concern, and (iii) limiting the possibility that the defense will be impaired. *Barker*, 92 S.Ct. 2193. Defendant claims he was prejudiced in that his arrest on four separate occasions and incarceration period following each caused pretrial oppression. Additionally, he claims that it disrupted his family life, subjected him to anxiety because of public scrutiny and hampered the probability of effective rehabilitation. He further claims the delay hampered his defense because the state's witnesses were unable to accurately recall specifics concerning the robbery itself and the identification procedures utilized by the police. Defendant concludes that this interest alone is grounds to overturn his conviction and dismiss the case.

■ Defendant's contentions that the pretrial incarceration was oppressive, enforced idleness, affected his right to seek work and disrupted his family life are considerations to be weighed, but do not justify reversal where defendant has shown no specific supporting evidence. Here, defendant has failed to produce evidence to support otherwise conclusory claims of prejudice. *State v. Stulce*, 630 S.W.2d 91, 94 (Mo.App.1981). Additionally, we find no prejudice to defendant because he was not able to earn money to pay an attorney. The record reflects that defendant was aided by counsel through all stages of the proceeding. Defendant does not allege that his defense was hampered by the representation he received or that a different attorney would have altered the result. Further, it appears from the record that defendant's total pretrial incarceration period was not excessive. Except for the 13 day period following his October 22, 1981 arrest, the 38 days after the August 30, 1982 indictment, and the 40 day period following the bond revocation at the surety's request on December 21, 1984, it appears from the record that defendant made bond after each of his four arrests. Thus the total pretrial incarceration period was not excessive and defendant has not shown these periods to have weighed particularly heavily on him. In addition, he was given credit for jail time served. We likewise find no merit in defendant's contention that he suffered anxiety as a result of being subjected to public scrutiny. The record indicates that defendant was a persistent offender having plead or been found guilty of at least two prior felony offenses and served time.

■ Defendant also alleges he was prejudiced in presenting his defense because the state's witnesses were unable to accurately recall the incidents of the robbery and specifics concerning the identification procedures employed by the police. This allegation is belied by the fact that the impairment of the witnesses in such a manner hampers the state's ability to set forth evidence and to prove its case beyond a reasonable doubt. This, in addition to defendant's opportunity to further discredit the witnesses on cross examination benefits the defendant. In reviewing the

record, we do not find that the delay prejudiced defendant's defense. The defendant's case consisted of a Woodson Terrace police report produced to show that state's witness Foulks identified a photograph of defendant from a group of photographs shown to him by police, but that the identification description printed below that photograph which was previously offered into evidence by the state was not given by Foulks. It was rather the actual description of the individual pictured from police data. That was defendant's case. He did not testify, present any other witnesses or make a claim that but for the delay he would have done so. On balance, we find no prejudice to his defense.

■ In weighing the four factors of the *Barker* analysis, we note that the only available remedy for infringement of the right to speedy trial is the unsatisfactorily severe remedy of dismissal of the indictment of serious charges. *Barker*, 92 S.Ct. at 2188. In the delicate balance we find no denial of the speedy trial right, even though the state gave no justification for the delay. The prejudice from the delay is outweighed by the facts that the defendant failed to assert his right in other than motions to dismiss and, more importantly, that defendant has shown no actual prejudice to his defense. Point one is denied.

In point two, defendant contends that the court erred in failing to sustain defendant's motion to dismiss the third prosecution which violated his statutory right to a speedy trial and thus entitled him to a dismissal as a matter of law. Defendant argues that because the state secured an indictment which was dismissed April 11, 1983, reindicted him on the same charges on April 16, 1983, and then failed to bring him to trial with 180 days of his arraignment on those charges, the state became barred from prosecuting him pursuant to § 545.780.5.

Section 545.780 provided in pertinent part:

5. If a defendant is not brought to arraignment or trial within the time limit required by this section, the trial judge *may* dismiss the information or indictment upon motion by the defendant and a showing by defendant that the failure to have the trial commence within time limits specified herein was occasioned by the state. *The case may be dismissed with or without prejudice at the discretion of the court.* In determining whether to dismiss the case, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this section and on the administration of justice. The court shall make a record showing the action taken in regard to the dismissal or continuance of the case and show on the record the reasons for such action. Failure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal under this section. *If the charge was dismissed by the court without prejudice and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the time elapsed between the date the original charge was dismissed to the date the subsequent charge was filed shall be included for purposes of computation of the allowable time to arraign the defendant and commence the trial.* (Emphasis added)

Section 545.780.2 set forth a 180 day time limit within which a defendant had to be brought to trial after a plea of not guilty at an arraignment. The amended § 545.780 RSMo 1984 Supp., became effective June 7, 1984 and provides: "545.780. Speedy trial, when—what constitutes. If defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter."

Defendant further contends that if the later 1984 amendment to the Speedy Trial Act was construed to permit a third prosecution, application of the later amendment to his case would be unconstitutional and

contrary to the ex post facto provisions of the United States (Art. 1, § 10) and Missouri (Art. 1 § 13) Constitutions.

Defendant relies on § 545.780.5 to forever bar the state from prosecuting him because he was not brought to trial within the required time after the date the original charge was dismissed on April 11, 1983. Thus, defendant concludes that when the trial court dismissed his case for a second time on March 20, 1984 after the reindictment on April 16, 1983, the state became forever barred from prosecution because he could never be arraigned and brought to trial within 190 days after the original charge was dismissed as the statute required. (Add 10 days to the 180 day period allowed by § 545.780.2. See § 545.780.1.)

■■■ Section 545.780.5 clearly grants to the trial court the discretion to dismiss with or without prejudice. *State v. Collins*, 669 S.W.2d 933, 935 (Mo. banc 1984). Further, the statute directs the trial court, in the exercise of its discretion, to consider certain factors, such as, seriousness of the offense, the facts and circumstances leading to the dismissal and the impact of reprosecution on the administration of the speedy trial act and the administration. The trial court in its dismissal without prejudice on March 20, 1984 noted the seriousness of the offense. Since it is within the trial court's discretion to dismiss without prejudice and we find no abuse of that discretion, § 545.780.5 is not a complete bar to reprosecution. See *State v. Anderson*, 687 S.W.2d 643 (Mo.App.1985). Since § 545.780.5 was properly applied to defendant's case and the record does not indicate that the 1984 amendment was involved, we need not consider defendant's ex post facto claim. Defendant's point is not well taken.

■■■ In point three defendant alleges that being convicted of and receiving sentences for first degree robbery and armed criminal action for the same incident subjected him to double jeopardy. The United States Supreme Court addressed this very issue in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The court held that "[i]f a legislature specifical-

ly authorized cumulative punishment under two statutes, ... a court's task of statutory construction is at an end and the prosecution may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 103 S.Ct. at 679. This is the precise situation in the case at bar. Defendant's point is without merit.

In point four defendant claims that the trial court erred in overruling his request for a mistrial because the conduct of the prosecutor in his rebuttal to defense counsel's closing argument, calling defense counsel's statements "bold face lies" and making reference to defendant's other pending charges, was prejudicial and inflammatory. Defendant further claims that the trial court should have given a cautionary instruction and reprimanded counsel in front of the jury and failure to do so was prejudicial error requiring reversal. The state contends that the prosecutor's remarks were permissible rebuttal to defense counsel's remarks that the state was not telling the whole truth and hiding evidence.

The record reveals that the defense counsel, in his closing remarks, challenged the prosecutor to tell the jury why the state waited three years to prosecute the defendant and also suggested that the state was hiding evidence and not telling the whole truth. The prosecutor's remarks followed and were in response to defendant's closing argument.

Subsequently, defendant objected, asked for a mistrial and requested that the prosecutor be reprimanded in front of the jury. The trial judge denied the request but ordered state's counsel to abandon the line of argument.

■■■ A defendant may not provoke a reply to his argument and then assert error. *State v. Morris*, 662 S.W.2d 884, 890 (Mo.App.1983). In rebuttal, a prosecutor can go further in retaliation than he would be authorized to do in the first instance. The trial court has considerable discretion in the use of retaliatory remarks. *State v.*

*Smith,* 431 S.W.2d 74, 85 (Mo.1968). Here the state's argument was retaliatory and we find no abuse of the trial court's discretion in denying defendant's requests. The point is without merit.

Judgment affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.

KAROHL, Presiding Judge, concurring.

I concur in the result reached by the majority opinion. I would affirm because defendant's first claim of error based upon federal and state constitutional grounds was not raised at the earliest opportunity and for that reason was waived. *State v. Thompson,* 627 S.W.2d 298 (Mo. banc 1982). Defendant's second point relying on the former provisions of § 545.780 RSMo 1978 were incorporated in a motion to dismiss based entirely on that section which was timely filed but never ruled by the trial court. I adopt the reasoning of the majority opinion on the claims of error discussed as points three and four.

A claim of violation of constitutional rights must be made at the earliest opportunity or it will be considered waived. *Thompson,* 627 S.W.2d at 303. In this case, the fourth case based on the same charges, defendant was charged on March 24, 1984. He was arrested on July 7, 1984, and arraigned on July 17, 1984. A motion to dismiss based entirely on § 545.780 was filed on August 10, 1984. A supplemental motion to dismiss based on constitutional claims under the federal and state constitution was not filed until November 26, 1984. It was overruled on January 4, 1985. The grounds on which the trial court overruled the supplemental motion to dismiss are not stated. I find that the denial of relief is justified by the failure of defendant to raise constitutional issues at the earliest opportunity and find no error in the order overruling the motion on that ground. Accordingly, it is unnecessary to reach or discuss whether defendant's rights to a speedy trial were denied on constitutional grounds. *See State ex rel Williams v.*

*Marsh,* 626 S.W.2d 223, 227 (Mo. banc 1982).

The state never made an effort to justify a delay from the date of defendant's first arrest on October 22, 1981 to the date of trial on February 4, 1985. The state concedes that the delay is presumptively prejudicial but made no effort to overcome the presumption. Under these circumstances, it should be unnecessary to consider the nature and extent of actual prejudice. Further, defendant never requested a continuance at any time in any of the four cases that were filed based upon these criminal charges. On the contrary, he insisted on his right to a dismissal under the state's speedy trial act which was notice to the state that he was not acquiescencing in the loss of his fundamental right to a speedy trial. The United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 32 L.Ed. 101 (1972), rejected the concept that a defendant must demand a speedy trial or waive his constitutional rights on that issue. 407 U.S. at 530, 92 S.Ct. at 2191–92. It determined that a defendant has no responsibility to assert the right but the failure to assert the right is a factor to be considered in an inquiry under deprivation of the right. In the present case, and the preceding three cases based on the same facts, defendant's interest in a speedy trial was established by repeated motions asserting denial of speedy trial. The primary burden was on the court and the prosecutor to assure that the case was brought to trial. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191–92. Under these circumstances, the failure to demand cannot be considered a waiver. If the issue were alive in the present case it appears that defendant was denied constitutional rights, was presumptively prejudiced, and in the absence of justification, entitled to relief. The facts in *Barker* are distinctly different from the present facts because in that case the state had a clearly demonstrated reason for delay consisting of the necessity of convicting a co-defendant before trying defendant *Barker.* Without the conviction of the co-defendant and the resulting removal

of Fifth Amendment privileges it would not have been possible to try and convict *Barker*. Six trials and numerous appeals were required to convict the co-defendant and make it possible to try *Barker*. Defendant acquiesced in the delay. In the present case, the defendant never requested a continuance and never acquiesced in the delay. He repeatedly informed the trial courts that the state was violating his statutory right to a speedy trial. Constitutional implications were or should have been obvious.

Defendant claims error on the ground that the trial court erred in not granting a dismissal of all charges for violation of § 454.780.5 RSMo 1978. He filed a motion on that ground setting forth all of the procedural facts of the three previous cases which resulted in dismissal without prejudice. However, that motion was never ruled by the trial court. The supplemental motion was not based on the Speedy Trial Act although the repeal of the Act was alleged to be inapplicable on due process grounds. Defendant contends that the trial court erred in failing to sustain the motion. He does not contend that the trial court erred by overruling the motion. Defendant was tried without obtaining a ruling on the motion and should not now be heard to claim error where the trial court made no error. It neither sustained or overruled the motion.

For the reasons discussed I concur in the result only affirming the convictions and sentences.