UNITED STATES of America, Appellee,

v.

A. Paul SPENCER, Appellant.

No. 88–2671.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1989.

Decided Aug. 30, 1989.

F. Allen Speck, Kansas City, Mo. (appointed), for appellant.

John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Pursuant to Fed.R.Crim.P. 11(a)(2), A. Paul Spencer appeals the district court's [1] order denying his motion to suppress evidence and statements following Spencer's conditional plea of guilty to the charge of being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(1)(B). We affirm.

I.

At approximately 11:57 p.m., February 3, 1988, two Osage Beach, Missouri, police officers observed a parked van which was running and had its parking lights on.

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

They noticed a man, subsequently identified as Spencer, lying across the steering wheel. After about five minutes, the officers were able to arouse the sleeping man. Spencer appeared intoxicated, and the odor of alcohol was detectable when he opened the door.

As the officers were requesting a computer check on Spencer's name, Spencer moved behind the van's front seats to a casket-shaped wooden box. In response to questioning, Spencer stated that the box contained mouth harps. He removed a vinyl covered case from the box. When Spencer opened it, the officers saw that it contained numerous harmonicas. Spencer stated that they were his and that he was a musician. Spencer then replaced the case within the wooden box.

Because of his intoxicated state, the officers placed Spencer in protective custody and drove him to the police station, where he spent the rest of the night. At the station, the officers were informed that Spencer had been convicted of a felony. The officers returned to the van to secure it in accordance with the police department's procedures. After finding that the rear door could not be secured, the officers removed the case of harmonicas, the only item of obvious value, to prevent it from being stolen. Thinking that the case weighed more than it should, the officers opened it and discovered a nine millimeter Smith & Wesson handgun within.

The following morning, Spencer was told that he was under arrest and was informed of his *Miranda* rights. Spencer stated that he fully understood his rights and that he would "be glad to talk" but did not want to sign a waiver of his rights. During the subsequent interview, Spencer made incriminating statements by admitting ownership of the gun, the purchase location, and the price.

## II.

■ Under the fourth amendment, the lawfulness of a warrantless inventory search depends upon its reasonableness. *South Dakota v. Opperman*, 428 U.S. 364, 372–73, 96 S.Ct. 3092, 3098–99, 49 L.Ed.2d 1000 (1976) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 509–10, 91 S.Ct. 2022, 2059–60, 29 L.Ed.2d 564 (1971)). An inventory search will not be found unreasonable merely because police department regulations grant officers discretion to either impound a vehicle or lock it in a public place. *Colorado v. Bertine*, 479 U.S. 367, 375–76, 107 S.Ct. 738, 743–44, 93 L.Ed.2d 739 (1987). In *Bertine*, the Court stated that the fourth amendment does not prohibit a discretionary inventory search if it is conducted according to standard criteria and is not based on suspicion of evidence of criminal activity. *Id.*

■ The Osage Beach Police Department's policy regarding vehicles whose drivers have been taken into custody requires that the vehicle be towed and impounded if it presents a traffic problem. If a vehicle is impounded, its contents are inventoried. If the vehicle does not present a traffic problem and consequently does not need to be towed, an officer must secure it. If the vehicle cannot be secured, an officer must take all valuable items to the police station to be inventoried and held in safekeeping for the driver.

The officers followed this procedure. They did not tow the van because they determined that it did not present a traffic problem in the parking lot. When they remembered that they had not secured the van, they returned to do so. After they discovered that the back door could not be locked, they decided to remove the harmonicas for safekeeping. The discovery of the gun was inadvertent. Under these facts, we find that the search was reasonable as an inventory search under *Opperman* and that the district court did not err in refusing to enter an order suppressing the use of the gun as evidence. *See also United States v. Scott*, 665 F.2d 874, 877 (9th Cir.1981) (valuables taken from vehicle that could not be secured upheld as inventory search).

■ Spencer's *Miranda* argument is without merit. Spencer does not dispute that a form containing the standard *Miranda* warnings was read to him and that

he signed the form containing the statement that he understood every line of the warning. Although he did not wish to sign the form containing the waiver of his rights, he did say that he would be glad to talk.

Waiver may be inferred from the actions and words of the person interrogated. *Martin v. United States*, 691 F.2d 1235, 1239 (8th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983). The waiver may be oral or in writing. *United States v. Hart*, 557 F.2d 162, 164 (8th Cir.), *cert. denied*, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). Having effectively and knowingly waived his *Miranda* rights, Spencer's subsequent statement was voluntarily made.

The judgment of the district court is affirmed.