NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1481
_____

HAROLD JOHNSON,
Appellant

v.

UNITED STATES OF AMERICA
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-0935)
District Judge: Honorable J. William Ditter
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 26, 2010

Before:  RENDELL and FUENTES, Circuit Judges,
and KUGLER, District Judge*.

(Filed:  April 14, 2010)
_____

OPINION OF THE COURT
_____

_____

     *Honorable Robert B. Kugler, Judge of the United States District Court for the
District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Harold Johnson filed a complaint in District Court challenging the entry of a default judgment against him in a federal tax collection action. Johnson sought either a declaratory judgment that the prior judgment was void, or relief from the prior judgment under Federal Rule of Civil Procedure 60(b), based on his contention that the prior suit was foreclosed by the statute of limitations. Johnson did not challenge the "lawfulness or the amount" of the tax deficiency. A.34. The District Court granted the Government's motion to dismiss. We write only for the parties and assume their familiarity with the factual and procedural history of this case.[1]

Johnson urges that the District Court should have granted him relief from the default judgment under Federal Rule of Civil Procedure 60(b). We review the District

---

[1]On appeal, the Government challenges, for the first time, the District Court's jurisdiction, arguing that there has been no waiver of sovereign immunity. Johnson states that jurisdiction is premised upon 28 U.S.C. § 2410. Supplemental Br. 1, A.32. We conclude that the District Court did have jurisdiction because 28 U.S.C. § 2410(a) waives sovereign immunity for suits to quiet title to property on which the United States has a lien. Section 2410(b) requires that the "complaint or pleading . . . set forth with particularity the nature of the interest or lien of the United States," including "the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." Here, Johnson brought suit to quiet title alleging that the Internal Revenue Service has a "judgment lien" and sought the discharge and release of "any and all liens and encumbrances of Plaintiff's real and personal property." A.31, 35. The government argues that Johnson's complaint does not identify with sufficient particularity any lien held by the United States as required by 28 U.S.C. § 2410(b). This is an argument regarding a pleading defect that is waived on appeal as it was not raised before the District Court. We also note that this could have been cured by an amended complaint if it had been raised in the District Court.

2

Court's decision for abuse of discretion. *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987). Rule 60(b) states the following reasons for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Johnson does not specify under which provision[2] of Federal Rule of Civil Procedure 60(b) he seeks relief, but urges that he meets the "exceptional circumstances" requirement, which applies to Rule 60(b)(6). Appellant's Br. 15-16, 24-25 (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)). We will assume, therefore, that Johnson seeks relief under Rule 60(b)(6).

The District Court relied on a test for granting relief from a default judgment that we established without referring to Rule 60(b). *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *see also Budget Blinds*, 536 F.3d at 257. Under *Emasco*, a court must consider "(1) whether lifting the default would prejudice the plaintiff; (2) whether

---

[2]Johnson is foreclosed from seeking relief under Rule 60(b)(1), (2), and (3) because Rule 60(c)(1) requires motions for relief under those provisions to be filed within a year after the entry of the default judgment. Johnson's motion was filed nearly four years after the default judgment was entered.

the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."[3]  *Id.*  However, after the District Court's opinion in this case was written, we clarified that the *Emasco* Court described the standard for evaluating motions brought under Rule 60(b)(1) and that *Emasco*'s test is inapplicable to a Rule 60(b)(6) motion. *Budget Blinds, Inc.*, 536 F.3d at 257-58.

Instead, a litigant seeking relief under Rule 60(b)(6) must show that "extraordinary circumstances" exist, which requires a showing of "an extreme and unexpected hardship." *Budget Blinds, Inc.*, 536 F.3d at 255 (quotations omitted).  In *Budget Blinds* we noted that, when a court is deciding whether or not to vacate another court's judgment, as is the case here, the "circumstances must be even more 'extraordinary' because of the additional interest in comity among the federal district courts." *Id.* at 252.  Johnson alleges that the mere existence of an IRS lien satisfies this requirement as it "impairs the ability of an individual to qualify as credit-worthy for most, if not all, major purchase necessities."  Appellant's Br. 25.  However, Johnson makes no argument as to why this hardship was "unexpected," as he does not contest the lawfulness or the amount of the tax assessment, nor does he explain why he did not respond to the

---

[3]Johnson is correct that the District Court did not properly consider the *Emasco* factors because it based its decision solely on one factor, but the *Emasco* test is not the proper standard to apply to a motion brought under Rule 60(b)(6). *Budget Blinds, Inc.*, 536 F.3d at 257-58.

initial suit before the default judgment was entered. We have noted that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255. Therefore, because we find that Johnson did not demonstrate extraordinary circumstances, we will AFFIRM the District Court's dismissal of his suit requesting relief from a default judgment under Rule 60(b).